■ Rockland County Patrolmen's Benevolent Association, Inc., Appellant, v Town of Clarkstown et al., Respondents. [733 NYS2d 874] —In an action for a judgment declaring that police officers employed by the Town of Clarkstown who are receiving benefits pursuant to General Municipal Law § 207-c are not required to execute any medical authorization other than the type attached to the complaint as "Exhibit A," the plaintiff appeals from an order of the Supreme Court, Rockland County (Weiner, J.), dated March 23, 2001, which denied its motion pursuant to CPLR 3215 (a) for leave to enter a judgment upon the defendants default in answering, and granted the defendants' cross motion, *inter alia,* to compel it to accept an answer pursuant to CPLR 3012 (d).

Ordered that the order is reversed, on the law, with costs, the motion is granted, the cross motion is denied, and the matter is remitted to the Supreme Court, Rockland County, for the

entry of a judgment declaring that police officers employed by the Town of Clarkstown who are receiving benefits pursuant to General Municipal Law § 207-c are not required to execute any medical authorization other than the type attached to the complaint as "Exhibit A."

By decision and order dated September 18, 2000 [275 AD2d 739], this Court reversed an order of the Supreme Court, Rockland County, which dismissed the complaint for failure to state a cause of action and reinstated the complaint. The defendants failed to interpose an answer within 15 days after service upon them of a copy of the decision and order of this Court with notice of entry. Accordingly, pursuant to CPLR 3211(f) the defendants defaulted in interposing an answer.

In order to vacate their default in answering, the defendants were required to demonstrate a reasonable excuse for the default and a meritorious defense (*see, Miles v Blue Label Trucking*, 232 AD2d 382). The defendants failed to satisfy this standard. The defendants argue that their time to answer was stayed pursuant to CPLR 5519 (a) (1) because they moved for leave to appeal to the Court of Appeals from the decision and order of this Court. However, the motion for leave to appeal was not made until October 13, 2000, more than 15 days after service upon the defendants of the decision and order of this Court, with notice of entry. Accordingly, they failed to establish that they did not default in answering or, in the alternative, provide a reasonable excuse for any such default. Santucci, J. P., Altman, Florio and Cozier, JJ., concur.