(September 23, 2002)

■ JUAN ANDRADE, Appellant, v ABDUL L. RANGINWALA, Respondent. [747 NYS2d 385]

The Supreme Court improvidently exercised its discretion in granting the defendant's motion to compel the plaintiff to accept his answer and in denying the plaintiff's cross motion for leave to enter judgment on the issue of liability upon the defendant's default. The 'defendant failed to proffer a reasonable excuse for the six-week delay in answering the complaint and failed to demonstrate that he has a meritorious defense (*see Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown,* 288 AD2d 456; *Palermo v Rodriguez,* 255 AD2d 567). To justify his delay in answering the complaint, the defendant submitted his attorney's affirmation asserting, without detail, that the delay was caused by the defendant's insurance carrier. The affirmation was insufficient to establish an excusable default (*see Warn v Choi-Lee,* 291 AD2d 490; *Hazen v Bottiglieri,* 286 AD2d 708; *Miles v Blue Label Trucking,* 232 AD2d 382; *Peters v Pickard,* 143 AD2d 81, 82).

Furthermore, the plaintiff submitted proof of service of the summons and the complaint, and an affidavit of the facts constituting the claim (*see* CPLR 3215 [f]). Therefore, the plaintiff should have been granted leave to enter judgment on

the issue of liability in his favor. Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.