■ MARK C. ENNIS, Appellant, v LUIS H. LEMA, Defendant, and D.J. TOWNCAR, INC., et al., Respondents. [760 NYS2d 197] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated March 22, 2002, which, in effect, denied his motion for leave to enter judgment against the defendants D.J. Towncar, Inc., and D.J. Auto Sales, Inc., upon their failure to appear or answer the complaint, in effect, granted the cross motion of the defendant D.J. Auto Sales, Inc., to extend the time to answer and to dismiss the complaint, and granted, on consent, the cross motion of D.J. Towncar, Inc., for leave to serve a late answer.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to enter judgment against D.J. Towncar, Inc., upon its failure to appear or answer the complaint and as granted that branch of the cross motion of D.J. Towncar, Inc., which was for leave to serve a late answer is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, that branch of the motion which was for leave to enter judgment against D.J. Auto Sales, Inc., upon its failure to appear or answer the complaint is granted, and that defendant's cross motion is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant D.J. Auto Sales, Inc.

No appeal lies from an order made upon consent because the appellant is not aggrieved (*see Ryan Mgt. Corp. v Cataffo,* 278

AD2d 217 [2000]). Accordingly, the plaintiff cannot appeal from so much of the order as, upon agreement, directed the plaintiff to accept the late answer of the defendant D.J. Towncar, Inc.

A defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action to avoid the entering of a default judgment or to extend the time to answer (*see O'Shea v Bittrolff,* 302 AD2d 439 [2003]; *Matter of Gambardella v Ortov Light.,* 278 AD2d 494 [2000]). While the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court (*see Gambardella v Ortov Light., supra*), an excuse that the delay in appearing or answering was caused by the defendant's insurance carrier is insufficient (*see O'Shea v Bittrolff, supra; Miles v Blue Label Trucking,* 232 AD2d 382 [1996]). Here, the defendant D.J. Auto Sales, Inc., blamed its default on its insurance carrier's delay in determining coverage, which is insufficient. Further, D.J. Auto Sales, Inc., failed to demonstrate the existence of a meritorious defense. Accordingly, the Supreme Court erred in denying the plaintiff's motion for leave to enter judgment against that defendant. Feuerstein, J.P., McGinity, Schmidt and Adams, JJ., concur.