■ ALI JUSEINOSKI, Appellant, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [790 NYS2d 162]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated September 26, 2003, as upon granting the defendants' motion for leave to reargue his prior motion for leave to enter judgment against them upon their default in appearing or answering, which was granted by order of the same court dated July 28, 2003, vacated that order, and denied the motion, and (2) from an order of the same court dated December 4, 2003, which denied his motion for summary judgment on the issue of liability with leave to renew upon the completion of discovery.

Ordered that the order dated September 26, 2003, is reversed insofar as appealed from, on the law, and upon reargument, the order dated July 28, 2003, is adhered to; and it is further,

Ordered that the appeal from the order dated December 4, 2003, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

This is an action to recover damages for personal injuries allegedly sustained by the plaintiff when he fell from a scaffold at a construction site. The plaintiff commenced this action by filing a summons and complaint on January 13, 2003. The defendants City of New York and Board of Education of the City of New York were served on January 17, 2003, and the defendant New York City School Construction Authority was served on February 4, 2003. It is undisputed that none of the defendants interposed an answer within 20 days.

On April 9, 2003, the plaintiff moved for leave to enter judgment against the defendants upon their default in appearing or answering. The defendants opposed the motion with an affirmation of counsel who requested that the Supreme Court compel the plaintiff to accept the verified answer which was annexed to the opposition papers. The answer, dated April 14, 2003, was verified only by counsel.

The defendants cited insurance carrier delay in forwarding the complaint, and also alleged that the plaintiff's counsel consented to an extension of time to serve an answer. As for a meritorious defense, the defendants asserted that the mere fact that the plaintiff fell while descending a scaffold did not establish a meritorious cause of action under Labor Law § 240. The plaintiff's counsel unequivocally denied consenting to an extension of defendants' time to answer until April 2003.

By order dated July 28, 2003, the Supreme Court granted the plaintiff's motion for leave to enter a judgment against the defendants upon their default in appearing or answering.

The defendants subsequently moved for leave to reargue, and, upon reargument, to deny the motion and direct the plaintiff to accept service of their answer. Counsel again asserted insurance company delay, and that a named associate in counsel's office obtained an extension of time within which to answer. An affidavit of this named associate was submitted for the first time with the reply papers. The defendants also argued for the first time in the reply papers, that they were not required to submit an affidavit of merit in opposition to the original motion. The defendants argued that an affidavit of merit is required only where a defendant is seeking to vacate a default judgment already entered, not where, as on the original motion, a defendant is merely opposing the plaintiff's motion for leave to enter a default judgment and seeking to compel acceptance of an answer. In any event, the defendants asserted that the verified answer satisfied the obligation of showing a meritorious defense.

The plaintiff's counsel reiterated that he never agreed to extend the defendants' time to serve their answer, and argued that the fact that the alleged oral agreement was not evidenced by a written stipulation was further proof that no extension was agreed to.

The Supreme Court, inter alia, granted the defendants' motion, vacated the order dated July 28, 2003, and denied the plaintiff's motion for leave to enter a judgment against the defendants upon their default in appearing or answering. The Supreme Court cited, among other things, the conflict between counsel as to when the answer was due, the short delay, and the

existence of a possible meritorious defense as grounds for denial of the motion for leave to enter a default judgment. We reverse.

None of the grounds cited by the Supreme Court provided a sufficient basis for the denial of the plaintiff's motion. The defendants failed to establish that they were not in default in answering the complaint, they did not offer a reasonable excuse for their default, and neither their opposition to the original motion nor their motion for leave to reargue contained an affidavit of merit.

The defendants failed to submit sufficient evidence to establish that the plaintiff agreed to extend their time to answer. The affidavit of the associate who allegedly obtained the extension was submitted for the first time in the reply papers on the defendants' motion for leave to reargue. This affidavit should have been disregarded, as it was not properly before the Supreme Court (see Salzano v Korba, 296 AD2d 393, 394 [2002]; Voytek Tech. v Rapid Access Consulting, 279 AD2d 470, 471 [2001]).

Even if this Court were to consider this affidavit, it was, nevertheless, insufficient to prove that the plaintiff's counsel agreed to extend the defendants' time to answer. The plaintiff's counsel steadfastly denied any such oral stipulation. The conflicting affidavits did not authorize the Supreme Court to resolve this credibility issue, or to do so by erring on the side of compelling the plaintiff to accept the defendants' answer. Rather, the Supreme Court should have turned for resolution of this issue to CPLR 2104, which requires that all stipulations be written and subscribed by those to be bound, unless made in open court. The purpose of a writing is "to assure irrefutable proof of the agreement" (Siegel, NY Prac § 204, at 323 [3d ed]), and to avoid the very problem that arose in this case. Although a party is precluded from invoking CPLR 2104 to avoid an oral stipulation if it appears that the stipulation was made and that the adverse party relied upon it (see DiIorio v Antonelli, 240 AD2d 537 [1997]; Leemilt's Petroleum v Public Stor., 193 AD2d 650 [1993]; Volin v City Beach Catering Corp., 166 AD2d 583, 584 [1990]; La Marque v North Shore Univ. Hosp., 120 AD2d 572, 573 [1986]), there is insufficient evidence in this case to conclude that the stipulation was, in fact, made (see Wilson v Nembhardt, 180 AD2d 731, 734 [1992]). Without proof that the plaintiff agreed to extend the defendants' time to answer, the defendants were in default.

The plaintiff having established then that the defendants were in default, it was incumbent upon the defendants to come forward with a reasonable excuse for their default and to dem-

onstrate a meritorious defense to the action to avoid the entry of a default judgment (*see Ennis v Lema,* 305 AD2d 632, 633 [2003]). The defendants failed on both accounts. An insurance carrier's delay is insufficient to establish a reasonable excuse for a default (*see Campbell v Ghafoor,* 8 AD3d 316, 317 [2004]; *Weinberger v Judlau Contr.,* 2 AD3d 631 [2003]; *Franklin v Williams,* 2 AD3d 400 [2003]; *Kaplinsky v Mazor,* 307 AD2d 916 [2003]; *Ennis v Lema, supra* at 633; *O'Shea v Bittrolff,* 302 AD2d 439 [2003]; *Meggett v Gibson,* 302 AD2d 372, 373 [2003]; *Cilindrello v Rayabin,* 297 AD2d 699 [2002]; *Andrade v Ranginwala,* 297 AD2d 691 [2002]; *Kachar v Berlin,* 296 AD2d 479 [2002]; *Warn v Choi-Lee,* 291 AD2d 490 [2002]; *Hazen v Bottiglieri,* 286 AD2d 708 [2001]; *Miles v Blue Label Trucking,* 232 AD2d 382, 383 [1996]; *but see Seccombe v Serafina Rest. Corp.,* 2 AD3d 516 [2003] [and cases cited therein]; *Mena v Choon-Ket Kong,* 269 AD2d 575, 576 [2000] [and cases cited therein]; *Centrillo v Route 6 & 22 Realty,* 207 AD2d 371 [1994]; *Murphy v D. V. Waste Control Corp.,* 124 AD2d 573 [1986]).

The defendants also failed to establish the existence of a meritorious defense. A verified pleading may be accepted in lieu of an affidavit of merit (*see A & J Concrete Corp. v Arker,* 54 NY2d 870, 872 [1981]). However, the affirmation of an attorney which does not contain evidentiary facts from one having personal knowledge is insufficient to establish the merits of a claim (*see Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]; *Ferrara v Guardino,* 164 AD2d 932, 933 [1990]). Similarly, a pleading verified by an attorney pursuant to CPLR 3020 (d) (3), and not by someone with personal knowledge of the facts, is insufficient to establish its merits (*see McKenna v Solomon,* 255 AD2d 496 [1998]; *Peterson v Scandurra Trucking Co.,* 226 AD2d 691, 692 [1996]). Here, the defendants submitted an affirmation of counsel with no personal knowledge of the facts of this case and an answer verified only by counsel. Neither of those documents constituted an affidavit of merit.

The defendants argue that an affidavit of merit is not required where a default judgment has not yet been entered. In *Ennis v Lema (supra),* the plaintiff moved, inter alia, for leave to enter a judgment against one of the defendants based upon its failure to appear or answer the complaint, and that defendant cross-moved to extend its time to answer. This Court held that "[a] defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action *to avoid the entering of a default judgment or to extend the time to answer"* (*Ennis v Lema, supra* at 633; emphasis supplied). Thus, contrary to the

defendants' contention, a reasonable excuse and a meritorious defense are required to excuse a default even if a default judgment has not yet been entered.

Moreover, in the cases relied upon by the defendants from the Appellate Division, First and Third Departments, *Castillo v Garzon-Ruiz* (290 AD2d 288 [2002]), *Better v Town of Schodack* (169 AD2d 965 [1991]), and *Mufalli v Ford Motor Co.* (105 AD2d 642 [1984]), the defaulting parties submitted affidavits of merit.

In *Terrones v Morera* (295 AD2d 254 [2002]), the Appellate Division, First Department, held that where no default order or judgment was obtained against the defendants, "it was not necessary for defendants to serve an affidavit of merit in support of their motion to compel plaintiff to accept service of their answer" (*id.* at 255; *see Nason v Fisher,* 309 AD2d 526 [2003]; *DeMarco v Wyndham Intl.,* 299 AD2d 209 [2002]). This holding appears to emanate from the rule that where a motion to extend the time to plead precedes a motion to dismiss or a motion for leave to enter a default judgment, courts enjoy a somewhat broader range of discretion, and the motion is not deficient for failure to include an affidavit of merit (*see A & J Concrete Corp. v Arker, supra* at 872; *Dolgin Enters. v Central Adj. Bur.,* 118 AD2d 680, 681 [1986]). However, this only applies where the time to plead has not yet expired. The Court of Appeals has held that once the time to serve the pleading has expired, the absence of an affidavit of merit defeats a motion to extend the time to serve the pleading (*see Tewari v Tsoutsouras,* 75 NY2d 1, 11-12 [1989]; *A & J Concrete Corp. v Arker, supra* at 872; *La Buda v Brookhaven Mem. Hosp. Med. Ctr.,* 62 NY2d 1014, 1016 [1984]; *Sammons v Freer,* 99 AD2d 896 [1984], *affd* 62 NY2d 1018 [1984]; *Smith v Lefrak Org.,* 96 AD2d 859 [1983], *affd* 60 NY2d 828 [1983]). Thus, the holding in *Terrones v Morera (supra),* cannot be reconciled with the Court of Appeals cases. Moreover, this Court has never cited *Terrones.*

Furthermore, the defendants were not the first to move in the case at bar. The plaintiff moved for leave to enter a default judgment which was met with opposition papers but no cross motion. The defendants first formally moved to compel acceptance of their answer, the functional equivalent of a motion to extend the time to answer (*see Dolgin Enters. v Central Adj. Bur., supra*), upon seeking leave to reargue the motion for leave to enter a default judgment. Thus, even if the holding in *Terrones* were to be followed, the defendants in the case at bar would still have been required to submit an affidavit of merit.

The only other situation in which the submission of an affidavit of merit was excused is where it is shown that the party did

not in fact default (*see Pelaez v Westchester Med. Ctr.,* 15 AD3d 375 [2005] [decided herewith]; *Kumer v Passafiume,* 258 AD2d 625, 626 [1999]; *Uy v North Shore Univ. Hosp.,* 247 AD2d 607, 608 [1998]). Thus, contrary to the defendants' argument, it was incumbent upon them in the case at bar to submit an affidavit of merit or pleading verified by a party with knowledge of the facts in lieu thereof (*see A & J Concrete Corp. v Arker, supra* at 872).

Accordingly, the Supreme Court erred in excusing the defendants' default.

In light of our determination, the appeal from the order entered December 11, 2003, denying the plaintiff's motion for summary judgment on the issue of liability with leave to renew upon the completion of discovery, has been rendered academic. Smith, J.P., Luciano, Crane and Rivera, JJ., concur.