■ Whitney Blam, Respondent, v Inger Netcher, Appellant. [793 NYS2d 464]—In an action, inter alia, to recover damages for breach of contract, wrongful eviction, and conversion, the defendant appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered July 9, 2004, which granted the plaintiff's motion for leave to enter judgment upon her default in answering, and set the matter down for an inquest on the issue of damages, and denied her request for leave to serve a late answer.

Ordered that the appeal from so much of the order as denied the defendant's request for leave to serve a late answer is dismissed, without costs or disbursements; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and the motion is denied, with leave to renew upon proper papers.

In support of her motion for leave to enter judgment against the defendant upon her default in answering, the plaintiff failed to proffer either an affidavit of the facts or a complaint verified by a party with personal knowledge of the facts (*see* CPLR 3215 [f]; *Goodman v New York City Health & Hosps. Corp.*, 2 AD3d 581 [2003]; *Drake v Drake*, 296 AD2d 566 [2002]; *Parratta v McAllister*, 283 AD2d 625 [2001]). Accordingly, the plaintiff's motion should have been denied, with leave to renew on proper papers (*see Henriquez v Purins*, 245 AD2d 337, 338 [1997]).

The appeal from so much of the order as denied the defendant's request for leave to serve a late answer is dismissed, as no appeal lies as of right from an order denying a motion not made on notice (*see* CPLR 5701 [a] [2]), and we decline to grant leave. We note that in the absence of a cross motion the Supreme Court should not have considered the defendant's informal request for an extension of time to answer (*see* CPLR 2215; Siegel, NY Prac § 249, at 403 [3d ed]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.