■ REGINA PAMPALONE, Appellant, v GIANT BUILDING MAINTENANCE, INC., Respondent. [793 NYS2d 462]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated September 10, 2004, which denied her motion for leave to enter judgment against the defendant upon its default in appearing and answering and for an inquest on the issue of damages, and deemed the defendant's answer filed and served.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Richmond County, for an inquest on the issue of damages.

In order to avoid the entry of a default judgment upon its failure to appear or answer, the defendant was required to demonstrate a justifiable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Juseinoski v Board of*

*Educ. of City of N.Y.*, 15 AD3d 353 [2005]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]). The bare allegations of the defendant's attorney in an affirmation that the defendant's insurance carrier never received the summons and complaint timely mailed to it by the defendant, and the further unexplained delay after the insurance carrier was placed on notice was insufficient to excuse the approximately 11-month delay in answering the complaint (*see Campbell v Ghafoor*, 8 AD3d 316, 317 [2004]; *Kaplinsky v Mazor*, 307 AD2d 916 [2003]; *Cilindrello v Rayabin*, 297 AD2d 699 [2002]; *Andrade v Ranginwala*, 297 AD2d 691 [2002]). Furthermore, the defendant failed to demonstrate the existence of a meritorious defense. While a verified answer may be accepted in lieu of an affidavit of merit (*see* CPLR 105 [u]; *A & J Concrete Corp. v Arker*, 54 NY2d 870, 872 [1981]), the defendant's answer, which was verified only by an attorney who had no personal knowledge of the facts of this case, was insufficient to establish the existence of a meritorious defense (*see Juseinoski v Board of Educ. of City of N. Y., supra*). Moreover, the affirmation of the defendant's president, submitted by the defendant for the first time as a sur-reply affirmation in an effort to demonstrate a reasonable excuse for the delay and a meritorious defense, was not authorized in form or procedure and, thus, was without probative value (*see* CPLR 2214; *Slavenburg Corp. v Opus Apparel*, 53 NY2d 799, 801 n [1981]; *Mu Ying Zhu v Zhi Rong Lin*, 1 AD3d 416, 417 [2003]; *Pisacreta v Minniti*, 265 AD2d 540 [1999]; *United Talmudical Academy of Kiryas Joel v Khal Bais Halevi Religious Corp.*, 232 AD2d 547 [1996]; *Scherrer v Time Equities*, 218 AD2d 116, 121 [1995]). Accordingly, the defendant's default should not have been excused (*see Ennis v Lema, supra*). The Supreme Court further erred in deeming the answer filed and served in the absence of a motion for such relief (*see* CPLR 2215; *Blam v Netcher*, 17 AD3d 495 [2005] [decided herewith]; Siegel, NY Prac § 249, at 403 [3d ed]).

The plaintiff submitted proof of service of the summons and the complaint, and an affidavit of the facts constituting the claim (*see* CPLR 3215 [f]). Therefore, the plaintiff should have been granted leave to enter judgment against the defendant upon its default (*see Andrade v Ranginwala, supra*). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.