■ Timothy Zino, Appellant, v Joab Taxi, Inc., Respondent, et al., Defendant. [799 NYS2d 124]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Covello, J.), dated August 5, 2004, which denied his motion for leave to enter a judgment on the issue of liability against the defendant Joab Taxi, Inc., upon its failure to appear or answer and for an inquest on the issue of damages, and deemed the answer of the defendant Joab Taxi, Inc., timely served nunc pro tunc.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages.

To avoid the entry of judgment upon its failure to appear or answer, the defendant Joab Taxi, Inc. (hereinafter the defendant) was required to demonstrate a justifiable excuse for the default and a meritorious defense (*see Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353 [2005]; *Ennis v Lema,* 305 AD2d 632, 633 [2003]). The defendant failed to do either. Accordingly, its default should not have been excused (*see Ennis v Lema, supra*). Furthermore, the Supreme Court erred in deeming the answer timely served nunc pro tunc in the absence of a motion for such relief (CPLR 2215; *Blam v Netcher,* 17 AD3d 495 [2005]; *Pampalone v Giant Bldg. Maintenance, Inc.,* 17 AD3d 556 [2005]).

The plaintiff submitted proof of service of the summons and the complaint (*see* CPLR 311 [a] [1]), and a factually-detailed complaint, which he verified (*see* CPLR 105 [u]; *Woodson v Mendon Leasing Corp.,* 100 NY2d 62, 70-71 [2003]). Therefore, the plaintiff's motion for leave to enter judgment on the issue of liability against the defendant upon its default should have been granted, and the matter should have been allowed to proceed to inquest (*see Andrade v Ranginwala,* 297 AD2d 691 [2002]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.