■ JOANNE GIOVANELLI et al., Appellants, v EDUARDO RIVERA, Respondent. [804 NYS2d 817]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Satterfield, J.), dated January 4, 2005, which, inter alia, denied their motion for leave to enter judgment against the defendant upon his default in appearing or answering and to set the matter down for an inquest on the issue of damages.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on the issue of damages.

The defendant failed to submit sufficient evidence to support his allegation that the plaintiffs agreed to extend his time to answer (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355 [2005]). Thus, the defendant was in default in appearing or answering the complaint. In order to avoid the entry of a default judgment upon his failure to appear or answer, the defendant was required to demonstrate a reasonable excuse for the default and a meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Mjahdi v Maguire*, 21 AD3d 1067 [2005]; *Thompson v Steuben Realty Corp.*, 18 AD3d 864 [2005]; *Juseinoski v Board of Educ. of City of N.Y.*, supra at 355-356). The defendant failed to do either. Accordingly, his default should not have been excused and the Supreme Court should not have extended his time to serve an answer in the absence of a cross motion for such relief (*see* CPLR 2215; *Zino v Joab Taxi, Inc.*, 20 AD3d 521 [2005]; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556 [2005]; *Blam v Netcher*, 17 AD3d 495 [2005]).

The plaintiffs submitted proof of service of the summons and the complaint, a factually-detailed verified complaint, and an affidavit from their attorney regarding the defendant's default in appearing and answering (*see* CPLR 3215 [f]). Therefore, the plaintiffs should have been granted leave to enter judgment against the defendant on the issue of liability (*see Landaverde v Wroth,* 260 AD2d 448 [1999]). Adams, J.P., Ritter, Goldstein, Skelos and Dillon, JJ., concur.