TRAVELERS INDEMNITY COMPANY OF AMERICA, Appellant, v PULLINI WATER SERVICES, INC., et al., Respondents, et al., Defendants. [828 NYS2d 130]—

In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Pullini Water Services, Inc., and Pullini Water Main & Sewer Contractors, Inc., in an underlying action entitled *Shepp v City of New York,* pending in Supreme Court, Kings County, under index No. 41613/99, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated May 18, 2005, which denied its motion for leave to enter a default judgment against those defendants based upon their failure to answer or appear in this action and for a declaration that it has no obligation to defend or indemnify them in the underlying action.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendants Pullini Water Services, Inc., and Pullini Water Main & Sewer Contractors, Inc., in the underlying action entitled *Shepp v City of New York,* pending in Supreme Court, Kings County, under index No. 41613/99.

The plaintiff commenced this action for a judgment declaring

that it has no obligation to defend or indemnify the defendants Pullini Water Services, Inc., and Pullini Water Main & Sewer Contractors, Inc. (hereinafter collectively Pullini), in the underlying action based on their lack of cooperation (*see All-state Ins. Co. v United Intl. Ins. Co.,* 16 AD3d 605, 606 [2005]). The plaintiff established its entitlement to a default judgment against Pullini based on Pullini's failure to answer or appear in this action (*see* CPLR 3215 [f]). The plaintiff established, through affidavits of its employee and of private investigators, as well as written correspondence, that it made diligent efforts to secure Pullini's cooperation, that the efforts were reasonably calculated to obtain that cooperation, and that Pullini willfully obstructed the plaintiff's defense of the underlying action (*see Utica First Ins. Co. v Arken, Inc.,* 18 AD3d 644, 645 [2005]). Given that the plaintiff commenced this action within one week of its last efforts to obtain Pullini's cooperation, the Supreme Court erred in finding that the plaintiff failed to comply with Insurance Law § 3420 (d) (*see generally Pennsylvania Lumbermans Mut. Ins. Co. v D & Sons Constr. Corp.,* 18 AD3d 843 [2005]; *Republic Franklin Ins. Co. v Pistilli,* 16 AD3d 477 [2005]; *Generali-U.S. Branch v Rothschild,* 295 AD2d 236, 237-238 [2002]). Schmidt, J.P., Rivera, Skelos and Lunn, JJ., concur.