■ FANNY GRINAGE, Appellant, v CITY OF NEW YORK, Defendant, and FULTON STREET REALTY VENTURE, LLC, Respondent. [846 NYS2d 300]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated January 8, 2006, as denied that branch of her motion which was for leave to enter judgment against the defendant Fulton Street Realty Venture, LLC, on the issue of liability upon its failure to appear or answer the complaint, and granted the application by that defendant for leave to serve a late answer.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted the application by the defendant Fulton Street Realty Venture, LLC, for leave to serve a late answer is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, that branch of the plaintiff's motion which was for leave to enter judgment against the defendant Fulton Street Realty Venture, LLC, on the issue of liability, is granted, and the application by the defendant Fulton Street Realty Venture, LLC, for leave to serve a late answer is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On her motion, the plaintiff demonstrated her entitlement to a default judgment against the defendant Fulton Street Realty Venture, LLC (hereinafter Fulton Street), on the issue of liability. She submitted proof of service of the summons and the complaint, her affidavit of the facts constituting her claim, and her attorney's affirmation regarding Fulton Street's failure to timely appear or answer the complaint (*see* CPLR 3215 [f]).

To avoid the entry of a default judgment, Fulton Street was required to demonstrate a reasonable excuse for the default and a meritorious defense to the action (*see Giovanelli v Rivera*, 23 AD3d 616 [2005]; *Zino v Joab Taxi, Inc.*, 20 AD3d 521, 522 [2005]; *Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556 [2005]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]). The determination of what constitutes a reasonable excuse lies within the sound discretion of the court (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *Ennis v Lema*, 305 AD2d at 633). Fulton Street's proffered excuse, that its delay in appearing and answering was caused by its insurance carrier, was, under the circumstances, not a reasonable excuse (*see Ennis v Lema*, 305 AD2d 632, 633 [2003]). Accordingly, the Supreme Court erred in denying that branch of the plaintiff's motion which was for leave to enter a default judgment against Fulton Street on the issue of liability (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 356 [2005]; *Ennis v Lema*, 305 AD2d at 633).

Furthermore, in the absence of a cross motion for such relief (*see* CPLR 2215), the Supreme Court erred in granting Fulton Street leave to serve a late answer (*see Giovanelli v Rivera*, 23 AD2d at 616; *Blam v Netcher*, 17 AD3d 495, 496 [2005]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.