■ ALLSTATE INSURANCE COMPANY, Respondent, v DAVID H. AUSTIN et al., Appellants, et al., Defendants. [851 NYS2d 375]—In an action for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Richard Prefontaine in an underlying action commenced by the defendants David H. Austin and Wendy Russ entitled *Austin v Prefontaine,* pending in the Supreme Court, Suffolk County, under index No. 2274/04, the defendants David H. Austin and Wendy Russ appeal from a judgment of the Supreme Court, Suffolk County (Blydenburgh, J.), dated November 13, 2006, which, upon a prior order of the same court dated September 27, 2006, granting the plaintiff's renewed motion for leave to enter a default judgment and denying their cross motion to dismiss the action as abandoned pursuant to CPLR 3215 (c), inter alia, declared that the plaintiff was not obligated to defend or indemnify the defendant Richard Prefontaine in the underlying action and that the plaintiff was not obligated to pay "any sums, monies, damages, awards and/or benefits to the defendants, Wendy Russ or David Austin," in connection with the underlying action.

Ordered that the appeal by the defendant Wendy Russ is dismissed as abandoned (*see* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from by the defendant David H. Austin; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On its renewed motion, the plaintiff demonstrated its entitlement to a default judgment against the defendant David H. Austin (hereinafter the appellant). The plaintiff submitted proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the appellant's default in answering or appearing (*see* CPLR 3215 [f]; *Grinage v City of New York,* 45 AD3d 729 [2007]).

To avoid the entry of a default judgment, the appellant was required to demonstrate a reasonable excuse for his default and a meritorious defense to the action (*see Grinage v City of New York,* 45 AD3d at 729; *Giovanelli v Rivera,* 23 AD3d 616 [2005]; *Pampalone v Giant Bldg. Maintenance, Inc.,* 17 AD3d 556, 556-557 [2005]; *Ennis v Lema,* 305 AD2d 632, 633 [2003]). However,

he offered no excuse for his default, and moreover, failed to demonstrate a meritorious defense to the action. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the appellant and made the declaration in favor of the plaintiff (*see Travelers Indem. Co. of Am. v Pullini Water Servs., Inc.,* 35 AD3d 846, 847 [2006]). Moreover, since the plaintiff, among other things, initially moved for leave to enter a default judgment within one year of the appellant's default, the court correctly denied the cross motion to dismiss the complaint pursuant to CPLR 3215 (c), Skelos, J.P., Lifson, Covello and Balkin, JJ., concur.