In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated September 16, 2009, which granted the motion of the defendant Breezy Point Cooperative, Inc., pursuant to CPLR 3012 (d) to compel the plaintiff to accept its answer as timely.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Breezy Point Cooperative, Inc., pursuant to CPLR 3012 (d) to compel the plaintiff to accept its answer as timely is denied.
*524 To compel the plaintiff to accept an untimely answer as timely, a defendant must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353 [2005]; Ennis v Lema, 305 AD2d 632 [2003]).
In this case, Breezy Point Cooperative, Inc. (hereinafter Breezy Point), failed to demonstrate that it had a potentially meritorious defense to the action. Breezy Point submitted a proposed answer which was verified only by its attorney and an affirmation from an attorney who did not have personal knowledge of the facts (see Salch v Paratore, 60 NY2d 851 [1983]; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353 [2005]; Bekker v Fleischman, 35 AD3d 334 [2006]). Accordingly, the Supreme Court improperly granted Breezy Point’s motion. Mastro, J.P., Covello, Belen and Hall, JJ., concur.