■ ATLANTIC CASUALTY INSURANCE COMPANY, Appellant, v RJNJ SERVICES, INC., Doing Business as CLASSIC CONSTRUCTION, et al., Defendants, and FAIRFIELD RONKONKOMA, LLC, et al., Respondents. [932 NYS2d 109]—

On March 16, 2005, Jose Lala fell from a roof while performing his work as an employee of Painting & Home Design, a subcontractor of the defendant RJNJ Services, Inc., doing business as Classic Construction (hereinafter RJNJ). RJNJ had been hired by the defendants Fairfield Ronkonkoma, LLC, Fairfield Properties, and Fairfield Brokerage, LLC (hereinafter collectively Fairfield), to perform the roofing work at a building project in Ronkonkoma.

In April 2005 Lala commenced an underlying personal injury action against Fairfield to recover damages for personal injuries. In June 2006 American Claims, an authorized representative of the plaintiff Atlantic Casualty Insurance Company (hereinafter Atlantic), received a copy of the complaint in the underlying personal injury action from York Claims on behalf of Fairfield. In August 2006 Fairfield commenced the underlying third-party action against RJNJ. In 2007, the Supreme Court granted Fairfield's motion for a default judgment against RJNJ in the underlying third-party action.

Atlantic had issued a commercial general liability policy to RJNJ for a coverage period including the date of the occurrence. RJNJ did not give notice to Atlantic of the occurrence, the underlying personal injury action, or the underlying third-party action. RJNJ also did not give Atlantic notice of the default judgment against it in the underlying third-party action.

On September 29, 2006, after it had completed an investigation, Atlantic sent a written notice of disclaimer of coverage to RJNJ. The disclaimer was based on the grounds that RJNJ had never notified Atlantic about the accident or the default judgment entered against RJNJ, and that the policy precluded coverage since Lala was an employee of RJNJ's subcontractor.

In July 2008 Atlantic commenced the instant declaratory judgment action against, among others, RJNJ and Fairfield. RJNJ failed to appear or answer the complaint in the instant action. Atlantic moved for leave to enter a default judgment against RJNJ, declaring that it is not obligated to defend or indemnify

RJNJ as a third-party defendant in the underlying action, and to sever the action against RJNJ. Fairfield opposed Atlantic's motion and cross-moved, in effect, for summary judgment declaring that Atlantic is obligated to defend and indemnify RJNJ as a third-party defendant in the underlying action. The Supreme Court denied the motion and the cross motion, determining that there were triable issues of fact as to the timeliness of Atlantic's disclaimer.

On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing (*see* CPLR 3215 [f]; *Allstate Ins. Co. v Austin*, 48 AD3d 720, 720 [2008]). To avoid the entry of a default judgment, the defaulting party is required to demonstrate a reasonable excuse for its default and a potentially meritorious defense to the action (*see Allstate Ins. Co. v Austin*, 48 AD3d at 720; *Matone v Sycamore Realty Corp.*, 50 AD3d 978 [2008]; *Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353, 355-356 [2005]; *Ennis v Lema*, 305 AD2d 632, 633 [2003]).

Here, Atlantic established that RJNJ defaulted and that RJNJ failed to provide timely notice of the occurrence. Atlantic also submitted proof that coverage for Lala's injuries was specifically excluded under the Atlantic policy. However, in order to be entitled to a default judgment declaring that it had no obligation to defend or indemnify RJNJ, Atlantic also had to prove that it timely disclaimed, since this element is among the "facts constituting [its] claim" (CPLR 3215 [f]; *see* Insurance Law § 3420 [d]; *see also Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028 [1979]; *Hunter Roberts Constr. Group, LLC v Arch Ins. Co.*, 75 AD3d 404 [2010]). Indeed, "[t]he failure of an insured to timely notify the insurer of a claim does not excuse the insurer's failure to timely disclaim coverage" (*Delphi Restoration Corp. v Sunshine Restoration Corp.*, 43 AD3d 851, 852 [2007]). Under the circumstances of this case, the Supreme Court correctly concluded that Atlantic failed to establish that its disclaimer was timely and that it was, therefore, entitled to a default judgment (*see e.g. Continental Cas. Co. v Stradford*, 11 NY3d 443 [2008]; *Felice v Chubb & Son, Inc.*, 67 AD3d 861 [2009]; *see also Matter of Colonial Penn Ins. Co. v Pevzner*, 266 AD2d 391 [1999]).

Accordingly, the Supreme Court properly denied Atlantic's motion for leave to enter a default judgment against RJNJ.

In light of our determination, we need not reach the parties' remaining contentions. Mastro, J.P., Belen, Sgroi and Miller, JJ., concur.