In an action to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 27, 2012, as denied its unopposed motion pursuant to CFLR 3215 for leave to enter a default judgment against the defendant, upon her failure to answer or appear, and, sua sponte, directed the dismissal of the complaint with prejudice.
Ordered that on the Court’s own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint with prejudice, is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CFLR 5701 [c]); and it is further,
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs motion for leave to enter a default judgment against the defendant is granted.
On a motion for leave to enter a default judgment pursuant to CFLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting *699 the cause of action, and proof of the defaulting party’s default in answering or appearing (see CPLR 3215 [f]; Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2011]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720 [2008]). Here, the plaintiff’s proof was sufficient to establish that it had a viable cause of action against the defendant to recover damages for breach of contract (see Sunshine Care Corp. v Warrick, 100 AD3d 981, 982 [2012]; Troy Nursing & Rehabilitation Ctr., LLC v Naylor, 94 AD3d 1353 [2012]; Putnam Nursing & Rehabilitation Ctr. v Bowles, 239 AD2d 479, 481 [1997]), and that the defendant was served with the summons and complaint. Accordingly, the plaintiffs unopposed motion for leave to enter a default judgment against the defendant upon her failure to answer or appear should have been granted.
Additionally, the Supreme Court erred in, sua sponte, directing the dismissal of the complaint. “ ‘A court’s power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal’ ” (HSBC Bank USA, N.A. v Taker, 104 AD3d 815, 817 [2013], quoting U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048 [2011]; see Aurora Loan Servs., LLC v Sobanke, 101 AD3d 1065, 1066 [2012]; Rienzi v Rienzi, 23 AD3d 450, 450 [2005]). Here, even if the plaintiffs proof were insufficient to demonstrate its entitlement to a default judgment, no extraordinary circumstances existed to warrant dismissal of the complaint.
Balkin, J.E, Dickerson, Roman and Miller, JJ., concur.