Ocwen Loan Servicing, LLC v Ali (2020 NY Slip Op 01292)





Ocwen Loan Servicing, LLC v Ali


2020 NY Slip Op 01292


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Friedman, J.P., Richter, Webber, Singh, JJ.


11115 382334/09

[*1] Ocwen Loan Servicing, LLC, Plaintiff-Respondent,
v
Ruhina B. Ali, Defendant-Appellant, New York City Environmental Control Board, et al., Defendants.


Fadullon Dizon Krul, LLP, Jericho (Alexander Krul of counsel), for appellant.
Stern & Eisenberg, P.C., Depew (Margaret J. Cascino of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about July 31, 2019, which denied the motion of defendant Ruhina B. Ali to dismiss the complaint for lack of personal service and to set aside the foreclosure sale held on August 6, 2018, to vacate the foreclosure deed recorded on September 14, 2018, and to vacate the judgment of foreclosure and sale entered on March 21, 2017, unanimously affirmed, without costs.
Supreme Court providently found that jurisdiction was obtained over defendant by proper service of the summons and complaint. An affidavit of service constitutes prima facie evidence of proper service and the "mere denial of receipt of service is insufficient to rebut the presumption of proper service created by a properly-executed affidavit of service" (Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008] [internal quotation marks omitted]). In her affidavit, defendant denied that she was personally served because she had temporarily moved to a family member's home. Defendant's claim that she was never in her "dwelling place or usual place of abode" (CPLR 308[2]) at the time service was allegedly effected upon her was not supported with documentary evidence (see U.S. Bank N.A. v Martinez, 139 AD3d 548, 549 [1st Dept 2016]).
Defendant's argument that she is shorter than the person described in the affidavit of service is insufficient to rebut the presumption of proper service (see e.g. JP Morgan Chase Bank v Dennis, 166 AD3d 530 [1st Dept 2018]), and defendant does not dispute that the other descriptions set forth in the affidavit of service, such as her age, weight, hair color, and skin color, match her description. Furthermore, defendant concedes that both her husband and a female tenant resided at the address where service was effectuated, and she does not dispute that they were
of suitable age and discretion to have accepted service (see CPLR 308[2]; Roberts v Anka, 45 AD3d 752, 754 [2d Dept 2007], lv dismissed 10 NY3d 851 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK