Jun Gao v Coconut Beach/Haw., LLC (2024 NY Slip Op 50504(U))

[*1]

Jun Gao v Coconut Beach/Haw., LLC

2024 NY Slip Op 50504(U)

Decided on April 30, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 30, 2024
Supreme Court, New York County

Jun Gao, Plaintiff,

against
Coconut Beach/Hawaii, LLC, FOREFRONT EB-5 FUND (HCR), LLC, SYMMETRY PROPERTY DEVELOPMENT II, LLC, SPD II MAKAIWA RESORT DEVELOPMENT LLC, JEFFREY L. LAYTIN, JASON DING, KELCOP, L.P., and BRADLEY C. REIFLER, Defendants.

Index No. 654127/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65 were read on this motion to/for JUDGMENT - DEFAULT.
In this breach of contract action arising out of plaintiff's $550,000 EB-5 investment into a construction project in Hawaii, plaintiff moves (mot. seq. no. 002), pursuant to CPLR 3215, for default judgment against defendants for failure to answer or appear in the action. For the reasons set forth herein, the motion is denied without prejudice to renewal upon proper papers.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. Ins. Co. v RJNJ Services, Inc., 89 AD3d 649 [2d Dept 2011], citing CPLR 3215 [f]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720 [2d Dept 2008]). "CPLR 3215 (f) requires that an applicant for a default judgment file 'proof by affidavit made by the party of the facts constituting the claim.' A verified complaint may be submitted instead of the affidavit when the complaint has been properly served (see CPLR 3215 [f])" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003]).
Here, plaintiff submits with this motion an affidavit dated August 17, 2023, purporting to verify his complaint (see affirmation of plaintiff's counsel, exhibit B). The affidavit was notarized in China, but plaintiff has failed to submit a certificate of conformity in compliance with CPLR 2309 (c). As plaintiff has submitted no other affidavits, affirmations or proof sufficient to support default judgment, the motion must be denied (see Woodson at 70).
Nonetheless, the absence of a certificate of conformity is "a mere irregularity, and not a fatal defect," and "[a]s long as the oath is duly given, authentication of the oathgiver's authority can be secured later, and given nunc pro tunc effect if necessary" (Wager v Rao, 178 AD3d 434, 435 [1st Dept 2019]). Because the defect is curable, the denial is without prejudice to renewal upon submission with proper papers.
Accordingly, it is hereby
ORDERED that plaintiff's motion for default judgment is denied without prejudice to renewal.
DATE April 30, 2024
ROBERT R. REED, J.S.C.