Jun Gao v Coconut Beach/Haw., LLC (2024 NY Slip Op 50784(U))

[*1]

Jun Gao v Coconut Beach/Haw., LLC

2024 NY Slip Op 50784(U)

Decided on June 26, 2024

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2024
Supreme Court, New York County

Jun Gao, Plaintiff,

against
Coconut Beach/Hawaii, LLC, Forefront EB-5 Fund (HCR), LLC, Symmetry Property Development II, LLC, SPD II Makaiwa Resort Development LLC, Jeffrey L. Laytin, Jason Ding, Kelcop, L.P., and Bradley C. Reifler, Defendants.

Index No. 654127/2022

Attorneys for Plaintiff: 
Ling Ding, Esq. of Lynch Daskal LLP

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89 were read on this motion to/for JUDGMENT - DEFAULT.
In this breach of contract action arising out of plaintiff's $550,000 EB-5 investment into a construction project in Hawaii, plaintiff moves in motion sequence number 003, pursuant to CPLR 3215, for default judgment against defendants for failure to answer or appear in the action. For the reasons set forth herein, the motion is granted.
I. BACKGROUND
The following facts are taken from plaintiff's verified complaint.
In or around June 2016, plaintiff Jun Gao, a Chinese national residing in China, began discussions with defendants and their agents in China regarding an investment for the development of a hotel resort (the Project) on the eastern shore of the Island of Kauai, Hawaii that would purportedly qualify him for a U.S. immigrant visa through the EB-5 immigration investor program. Defendants provided plaintiff with a Confidential Private Placement Memorandum dated December 9, 2015 (Memorandum), which set out the price and structure of the investment and plans for the construction of the resort. The Memorandum provided that, for the price of $500,000 in capital contribution and $50,000 for expenses, would-be investors would purchase a membership interest in a newly created LLC called Coconut Beach/Hawaii, LLC (Coconut Beach), which would in turn make a loan to defendant SPD II Makaiwa Resort Development LLC (SPD II), for use in development of the Project. Construction of the Project [*2]was expected to be completed by the third quarter of 2018.
Defendant Symmetry Property Development II, LLC (Symmetry) is a company affiliated with Coconut Beach for the development of the Project, and Kelcop, L.P. (Kelcop) is a member of Coconut Beach and Forefront EB-5 Fund (HCR), LLC (Forefront) and was a manager of SPD II between 2014 and 2022. Jason Ding is a member of Coconut Beach, a director, officer, and manager of Forefront, and a manager of both Symmetry and SPD II. Jeffrey L. Laytin is a managing member of SPD II, Forefront, and Symmetry. Bradley C. Reifler controls Kelcop.
On August 1, 2016, plaintiff signed a Coconut Beach/Hawaii, LLC Subscription Agreement (Subscription Agreement) to purchase a membership interest in Coconut Beach. In the Subscription Agreement, Forefront is designated as the "Manager" for Coconut Beach and the developer of the Project. The agreement identifies SPD II as the owner of the Project. Plaintiff was also informed that TD Bank, N.A., would serve as the escrow agent for the payments. Plaintiff transferred $550,012.00 to the escrow account at TD Bank, N.A. on August 1 and 2, 2016.
On August 16, 2016, Coconut Beach, by its Manager Forefront, by Laytin, executed the Subscription Agreement; and plaintiff and Coconut Beach also entered into an Operating Agreement of Coconut Beach/Hawaii, LLC (Operating Agreement). The Operating Agreement set out in sections 7.4, 12.6, 14.6, and 18 that investing members may withdraw their investment capital upon the consent of Coconut Beach's manager.
On September 27, 2016, plaintiff's immigration attorneys filed an Immigration Petition by Alien Entrepreneur (I-526) on behalf of plaintiff for an EB-5 immigrant visa.
In September 2019, plaintiff contacted defendant Ding to discuss the progress of the Project. At that time, construction of the Project had not been completed, past the 2018 completion date projected in the Memorandum. Plaintiff and Ding met on or about October 7, 2019 in Nanjing, China, where Ding consented to plaintiff's request to withdraw his investment. On January 21, 2020, plaintiff entered into an Investment Refund Agreement and Mutual Release (Withdrawal Agreement) with Coconut and "its affiliated project related companies," together referred to therein as "the Company," in which the Company agreed to pay plaintiff $550,000 in exchange for plaintiff releasing all claims and obligations he had or could have asserted against any and all parties with respect to his investment in the Company and its Project. The Withdrawal Agreement does not define the "affiliated project related companies." The Withdrawal Agreement is executed by Coconut Beach and plaintiff. 
On June 24, 2021, plaintiff executed an addendum to the Withdrawal Agreement (Addendum), in which plaintiff agreed that "the Company is not in default under the [Withdrawal] Agreement," "[a]ll amounts due to [plaintiff] under the [Withdrawal] Agreement shall be paid promptly upon the receipt by the law firm of Mizen Law and execution and delivery by [plaintiff] to Company of all documents necessary to process the withdrawal of [plaintiff] from the Company and the I-526 Application."
On June 25, 2021, plaintiff delivered a letter to Gregory Mizen, attorney for defendants, requesting to withdraw his I-526 immigrant petition and authorizing the withdrawal, and Mizen confirmed on July 20, 2021 that plaintiff's "paperwork has been approved" with the disbursement to follow shortly.
Despite plaintiff's repeated requests and Ding and Mizen's assurances that plaintiff would be paid, defendants have not paid plaintiff $550,000 to date.
Plaintiff commenced this action on November 1, 2022. In December 2022, plaintiff filed [*3]affidavits of service on seven of the eight defendants in this action, specifically Coconut Beach, Forefront, SPD II, Symmetry, Kelcop, Laytin, and Riefler, which took place in November 2022. As to defendant Ding, by decision and order dated July 25, 2023, the court granted plaintiff's motion (motion seq. no. 001) for leave to complete alternate service and an extension of time for service on Ding, permitting plaintiff to effectuate service by email within 120 days of the order. On August 1, 2023, plaintiff filed with the court an affidavit of service on Ding, attesting that service was completed on July 31, 2023. Ding accordingly had until August 31, 2023 to answer or respond to the complaint, and the other defendants had until November or December 2022 to answer or respond. None of the defendants have answered or appeared in this action to date.
On September 20, 2023, plaintiff filed a motion for default judgment (mot. seq. no. 002), which the court denied without prejudice to renewal on proper papers. The court observed that plaintiff's affidavit, which was submitted with the motion, was notarized in China without a requisite certificate of conformity in compliance with CPLR 2309 (c).
On June 4, 2024, plaintiff filed the instant motion for default judgment (mot. seq. no. 003), which is unopposed. With the motion, plaintiff submits an affirmation of plaintiff in conformity with CPLR 2106.
II. DISCUSSION
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. Ins. Co. v RJNJ Services, Inc., 89 AD3d 649 [2d Dept 2011], citing CPLR 3215 [f]; Allstate Ins. Co. v Austin, 48 AD3d 720, 720 [2d Dept 2008]). "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Joosten v Gale, 129 AD2d 531, 535 [1st Dept 1987]; see Martinez v Reiner, 104 AD3d 477, 478 [1st Dept 2013]).
Plaintiff asserts that defendants breached the contract by failing to transfer $550,000 to plaintiff as per the Withdrawal Agreement and the Addendum. Plaintiff asserts liability against the individual defendants, Laytin, Ding and Reifler, under a theory of alter ego liability. Plaintiff seeks the return of his $550,000 contribution to Coconut Beach, in addition to attorneys' fees, costs and disbursements.
Plaintiff demonstrates its service of the summons and complaint on defendants by submitting affidavits of service. "An affidavit of service constitutes prima facie evidence of proper service" (Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591, 591 [1st Dept 2020]). Notwithstanding proper service, defendants have defaulted in answering or appearing in this case to date (see Atlantic Cas. Ins. Co.).
In addition, plaintiff establishes the prima facie validity of its breach of contract claim by demonstrating (1) the existence of a valid contract, (2) plaintiff's performance of the contract, (3) defendants' material breach of the contract, and (4) damages (see Noise In The Attic Productions, Inc. v London Records, 10 AD3d 303 [1st Dept 2004]). The court notes that plaintiff submits with this motion an affirmation of plaintiff dated May 23, 2024, verifying his complaint. CPLR 2106, as amended on January 1, 2024, permits affirmations to be made by "any person" as long as it is stated "to be true under the penalties of perjury." Because the affirmation is in conformity with the amended CPLR 2106, the complaint constitutes admissible proof for the purposes of this motion.
In the verified complaint, plaintiff affirms his performance under the agreements by conveying "documents necessary to process the withdrawal of [plaintiff] from the Company and the I-526 Application" and defendants' breach by failing to convey the amount owed thereunder. Although it is not explicitly set forth which of the defendants are party to the Withdrawal Agreement together with Coconut Beach, plaintiff asserts that, based on the Subscription Agreement and Operating Agreement, it is clear that the "affiliated project related companies" refers to Coconut Beach, Forefront, Symmetry, SPD II, and Kelcop. Defendants, by defaulting, "are deemed to have admitted all traversable allegations in the complaint, including the basic allegation of liability" (Bigio v Gooding, 213 AD3d 480, 481 [1st Dept 2023] [internal quotation marks and alterations omitted]).
Furthermore, plaintiff has also demonstrated, prima facie, personal liability on the part of individual defendants Ding, Laytin, and Riefler for the actions of the corporate defendants by showing that they exercise complete dominion and control over the corporations with respect to the Project and the Withdrawal Agreement, and that their dominion was used to wrong plaintiff, resulting in his injury (see Morris v State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). This is sufficient to pierce the corporate defendants' corporate veil and hold the individual defendants liable (see id.).
Thus, plaintiff demonstrates his entitlement to $550,000, together with interest at the statutory rate from July 20, 2021, the reasonably ascertainable date of breach (see CPLR 5001; 5004).
Plaintiff is also entitled to collect attorneys' fees incurred in this action. The prevailing party may collect attorneys' fees and disbursements from the loser if an award is authorized by agreement between the parties or by statute or court rule (see Matter of A.G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5 [1986]). Here, the Withdrawal Agreement provides that "if either party brings an action to enforce the terms and conditions of this Agreement, the prevailing party shall be entitled to litigation costs and all other costs and expenses, including, but not limited to, reasonable attorneys' fees, arising from said litigation and in the enforcement of the Agreement" (verified complaint, exhibit F at 3). However, plaintiff has failed to submit any proof to establish the amount of fees incurred in this action. Plaintiff may submit such supplemental papers, if so advised, within 60 days.
Accordingly, it is hereby
ORDERED that plaintiff's motion for default judgment is granted; and it is
ORDERED that the Clerk of the court is directed to enter judgment in favor of plaintiff Jun Gao and against defendants, jointly and severally, in the principal sum of $550,000, together with interest at the statutory rate from July 20, 2021, costs and disbursements as taxed by the Clerk upon the submission of an appropriate bill of costs; and it is
ORDERED that the portion of plaintiff's action that seeks recovery of attorneys' fees is severed and plaintiff may submit supplemental proof establishing the amount of attorneys' fees reasonably incurred in this action within 60 days, if so inclined.
DATE June 26, 2024
Robert R. Reed, J.S.C.