■ FRANKLIN YOUNG, as Administrator of the Estate of TASHARA VERNEL YOUNG, Deceased, Appellant, v CASPER RICHARDS, Defendant, and YVETTE RICHARDS, Respondent. [809 NYS2d 82]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered July 8, 2004, which, insofar as appealed from, denied plaintiff's motion for a default judgment as against defendant Yvette Richards, unanimously reversed, on the law, without costs, the motion granted, and the matter remitted for an inquest on the issue of damages.

Plaintiff's decedent died in a fire in a building owned by defendants. Plaintiff commenced the instant action against defendants to recover damages for wrongful death and personal injuries sustained by the decedent. Neither defendant answered the action, and, nine months after effecting service of process, plaintiff moved for a default judgment against both.

Supreme Court granted that aspect of the motion that sought a default judgment against Casper Richards, who submitted no opposition. However, the court denied the motion as against Yvette Richards, finding that her opposition papers sufficiently demonstrated a reasonable excuse for her failure to timely answer and a meritorious defense to the action.

It is well established that to avoid entry of a default judgment upon a failure to appear or answer, a defendant is required to demonstrate both a justifiable excuse for the default and a meritorious defense (*see Juseinoski v Board of Educ. of City of N.Y.*, 15 AD3d 353 [2005]). Defendant Yvette Richards's opposition to the motion, the two-page affirmation of her counsel and a proposed answer verified by counsel, who had no personal knowledge of the facts pertaining to this case, was insufficient to establish either of the required showings (*see Pampalone v Giant Bldg. Maintenance, Inc.*, 17 AD3d 556 [2005]; *Juseinoski, supra; see also Lopez v Trucking & Stratford*, 299 AD2d 187 [2002] [conclusory assertion by defendant's counsel that issues of fact existed relating to notice and comparative negligence insufficient to demonstrate meritorious defense]). Concur— Sullivan, J.P., Nardelli, Catterson, McGuire and Malone, JJ.