■ Aron Grinshpun et al., Respondents, v Gennady Borokhovich, Also Known as Eugene Borokhovich, Appellant, et al., Defendant. [954 NYS2d 520]—

Judgment, Supreme Court, New York County (Jeffrey K. Oing, J.), entered November 9, 2011, awarding plaintiffs the principal sum of $2,162,104, and bringing up for review orders, same court and Justice, entered October 3, 2011, and December 23, 2011, which granted plaintiffs' motion for a default judgment and which, to the extent appealed, denied defendant Borokhovich's motion for renewal, unanimously affirmed, without costs. Appeals from the aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Judgment was properly awarded without an inquest since the amount sought was a "sum certain" (*see Transit Graphics v Arco Distrib.*, 202 AD2d 241 [1st Dept 1994]). Further, although not raised by the parties, the argument that an inquest was required was not raised until defendant moved for renewal.

The challenge to service of process was properly denied without a traverse hearing. The affidavit of the process server constitutes prima facie evidence of proper service and the mere conclusory denial of receipt of service is insufficient to rebut the presumption that service was proper (*see Matter of de Sanchez*, 57 AD3d 452, 454 [1st Dept 2008]; *NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459, 460 [1st Dept 2004]). Defendant's wife, who was alleged to have accepted receipt of the summons and complaint, failed to submit an affidavit denying receipt of service or a medical affidavit substantiating her claim that she was incapable of providing an affidavit on the initial motion.

The proposed answer verified by an attorney without personal knowledge of the facts was insufficient to set forth a meritorious defense warranting vacatur of the default (*see Young v Richards*, 26 AD3d 249, 250 [1st Dept 2006]). Defendant's own brief conclusory statement submitted for the first time on renewal was also insufficient.

We have considered defendant's additional arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Moskowitz, Freedman and Román, JJ.