(March 19, 2013)

</div>

■ LINDA GRANT WILLIAMS, Appellant, v CITIGROUP, INC., et al., Respondents. [962 NYS2d 96]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J.), entered July 3, 2012, dismissing the complaint pursuant to an order, same Court and Justice, entered June 21, 2012, which granted defendants' motion to dismiss the complaint in its entirety, unanimously modified, on the law, to the extent of reinstating the causes of action alleging a violation of General Business Law § 340, the Donnelly Act, and tortious interference with prospective business relations, and otherwise affirmed, without costs. Appeal from the aforementioned order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

In this action alleging that defendants, who are underwriters of airline special facility (ASF) bonds which are used to finance the construction of municipal airports, boycotted a structure that plaintiff, an experienced structured finance attorney, developed and patented for such bonds, because her structure permits ratings of these types of bonds that would lower the risk thereby lowering the interest rates paid on them, plaintiff has standing to state an antitrust claim under the Donnelly Act. Although she is not a participant in the market for underwriting ASF bonds, defendants' alleged group boycott of her patented structure for those bonds was a means to restrain trade in that market. Where, as here, plaintiff has attempted to facilitate competition with defendants, an attack on her through anticompetitive conduct is sufficient to confer standing (*Crimpers Promotions Inc. v Home Box Off., Inc.*, 724 F2d 290, 294 [2d Cir 1983], *cert denied* 467 US 1252 [1984]).

Contrary to defendants' assertion, the Donnelly Act claim was neither dismissed with prejudice nor barred by the prior

federal action (*Williams v Citigroup Inc.*, 659 F3d 208, 215 [2d Cir 2011] [vacating that portion of the district court's judgment that dismissed the state law claims with prejudice]). The dismissal with prejudice of plaintiff's Sherman Act claim at the pleading stage has no preclusive effect, in light of the heightened pleading requirements for antitrust claims in federal court (*see e.g. Bell Atlantic Corp. v Twombly*, 550 US 544, 554-557 [2007]).

Although plaintiff has not pleaded direct evidence of a conspiracy, the allegations, which include statements alleged to have been made by defendants and other market participants that defendants boycotted the use of plaintiff's structure to issue ASF bonds, are sufficient to raise an inference of conspiracy (*OLA, LLC v Builder Homesite, Inc.*, 661 F Supp 2d 668, 674-675 [ED Tex 2009]). Defendants' attack on the alleged relevant market relies on facts outside the complaint. In any event, the validity of an allegation of relevant market is generally a fact-intensive inquiry, not suited to resolution on a motion to dismiss (*see Foundation for Interior Design Educ. Research v Savannah Coll. of Art & Design*, 244 F3d 521, 531 [6th Cir 2001]).

Because plaintiff sufficiently alleged her Donnelly Act claim, her claim for interference with prospective business relations should not have been dismissed (*see Guard-Life Corp. v Parker Hardware Mfg. Corp.*, 50 NY2d 183, 193-194 [1980]). However, her claim for tortious interference with contract was properly dismissed, as she failed to identify any term of the agreements that was breached (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 425 [1996]).

Plaintiff's attempt to assert, for the first time on appeal, a claim under General Business Law § 349 is unavailing. It was not raised below, and in any event, fails because that statute is limited to claims involving consumer oriented conduct (*Sheth v New York Life Ins. Co.*, 273 AD2d 72, 73 [1st Dept 2000]). Concur—Gonzalez, P.J., Mazzarelli, Renwick, Richter and Gische, JJ.