Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 27, 2012, which, in an action to recover for personal injuries sustained in a trip and fall at the entrance of defendants’ building, denied defendants’ motion to vacate the default judgment entered against them after inquest, and for leave to serve an answer, unanimously affirmed, without costs.
*545 Relief under CPLR 317 is not warranted where, as here, defendants’ failure to obtain proper notice was the result of a deliberate attempt to avoid such notice (see Pena v Mittleman, 179 AD2d 607, 610 [1st Dept 1992]). The individual defendant averred that neither he nor the corporate defendant received actual service of the summons and complaint, or of the supplemental summons and amended complaint, or of any of the notices served by plaintiff following commencement of the action. However, this conclusory denial of receipt is insufficient to raise an issue of fact as to proper service in the face of plaintiffs submission of affidavits from a process server, which constitute prima facie evidence of proper service {see Grinshpun v Borokhovich, 100 AD3d 551, 552 [1st Dept 2012]; Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008]). Moreover, the record demonstrates that the corporation’s designated agent for service signed the certified mail return receipt acknowledging it had received the notice of entry of the default judgment as to liability against the individual defendant, and of an order directing the Clerk of New York County to accept a notice of pendency regarding the building where plaintiff’s accident occurred. Under these circumstances, defendants have failed to rebut the presumption of receipt of service (see Lugo v H.B.T. Hous. Co., 1 AD3d 119 [1st Dept 2003]).
The court properly determined that the portion of defendants’ motion seeking vacatur of the default judgment pursuant to CPLR 5015 (a) (1) is untimely. The record demonstrates that the corporate defendant’s designated agent acknowledged receipt of the notice of entry on September 25, 2008, yet defendants did not seek vacatur until May 3, 2011 (see Matter of Orange County Dept. of Social Servs. v Germel Y., 101 AD3d 1019, 1019-1020 [2d Dept 2012]; DeLisca v Courtesy Transp., 6 AD3d 646, 647 [2d Dept 2004]). Further, defendants failed to provide a reasonable excuse for their default. It is therefore unnecessary to consider whether they have a meritorious defense (see Matter of Amirah Nicole A. [Tamika R.], 73 AD3d 428, 429 [1st Dept 2010], lv dismissed 15 NY3d 766 [2010]; J.P. Equip. Rental & Materials v Fidelity & Guar. Ins. Co., 288 AD2d 187 [2d Dept 2001]). Concur — Andrias, J.P, Friedman, DeGrasse, Freedman and Abdus-Salaam, JJ.