■ Catherine Uram, Respondent, v Patrick Smith, Defendant. Progressive Insurance Company, Nonparty Appellant. [31 NYS3d 14]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered May 22, 2015, which denied nonparty appellant insurer's motion to stay the inquest in the action, vacate the default judgment against defendant, entered April 12, 2011, grant leave to permit defendant to appear and answer the complaint, and compel plaintiff to accept the answer, unanimously affirmed, without costs.

Denial of the instant motion was a provident exercise of

discretion as plaintiff demonstrated that her counsel forwarded, by U.S. mail, courtesy copies of the pleadings, motion for a default judgment, default judgment order and notice of inquest (the pleadings in November 2010 and the default judgment order in February 2012) to an address provided in the insurance policy for the insurer's medical billing contractor and that none of the aforesaid documents was ever returned as undeliverable. On two of the occasions, the documents were sent via certified mail, and signed receipts were thereafter received by plaintiff's counsel which indicated the mailings were accepted at the subject address. The insurer acknowledged receiving a mailed copy of the notice of inquest at the subject address in December 2014, yet claims such mailing was its first notice of the instant action. The insurer did not respond to plaintiff's counsel's formal request for a complete copy of its no-fault file, which was sought for the alleged purpose of, inter alia, discerning the time frame wherein the insurer gained knowledge of the action.

On such a record, and in light of the insurer's appreciable delay in responding to the action, we find no basis to disturb the motion court's conclusion that a reasonable excuse for vacating defendant's default was not proffered by the insurer (*see generally* CPLR 5015 [a]; *Pina v Jobar U.S.A. LLC*, 104 AD3d 544 [1st Dept 2013]). Accordingly, the motion court appropriately found no need to reach the issue of meritorious defense (*see id.* at 544). While the State has a strong public policy in favor of deciding matters on the merits (*see generally Navarro v A. Trenkman Estate, Inc.*, 279 AD2d 257 [1st Dept 2001]), defendant's conduct here in failing to appear despite his having been personally served with the pleadings in this action, along with information strongly suggesting he was the negligent driver of the vehicle in which plaintiff was injured, undermines a need to yield to public policy concerns. Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.