■ NYCTL 2012-A TRUST et al., Respondents, v JACK M. COLBERT, Appellant, et al., Defendants. [45 NYS3d 408]—

Judgment, Supreme Court, Bronx County (John A. Barone, J.), entered July 7, 2015, granting plaintiffs' motion for a judgment of foreclosure and sale of the subject property in satisfaction of an underlying tax lien, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded to Supreme Court for a traverse hearing and further

proceedings consistent with the determination rendered after such hearing.

The affidavits of plaintiffs' process server describing defendant as the person who accepted service of the summons, complaint, and notice of pendency, constituted prima facie evidence of proper service (*see Grinshpun v Borokhovich*, 100 AD3d 551, 552 [1st Dept 2012], *lv denied* 21 NY3d 857 [2013]; *Wells Fargo Bank, NA v Edwards*, 95 AD3d 692 [1st Dept 2012]).

In opposition, however, defendant's affidavit sufficiently rebutted the presumption of service established by the process server because he specifically denied receipt of service insofar as his medical condition rendered him unable to accept service at the times claimed by plaintiffs. Moreover, discrepancies between defendant's stated appearance and the descriptions provided by the process server of the person he served also raised an issue of fact as to whether defendant was personally served (*see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459, 460 [1st Dept 2004]; *compare Reem Contr. v Altschul & Altschul*, 117 AD3d 583, 584 [1st Dept 2014]; *Grinshpun*, 100 AD3d at 552). In light of these factual disputes, the court erred in granting the motion for a judgment of foreclosure without first resolving the threshold issue of personal service with a traverse hearing. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.