Hyman v 400 W. 152nd St. Hous. Dev. Fund Corp. (2018 NY Slip Op 02142)





Hyman v 400 W. 152nd St. Hous. Dev. Fund Corp.


2018 NY Slip Op 02142


Decided on March 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2018

Mazzarelli, J.P., Andrias, Webber, Oing, Moulton, JJ.


6117N 154435/15

[*1] Miriam A. Hyman, Plaintiff-Respondent,
v
400 West 152nd Street Housing Development Fund Corporation, Defendant-Appellant.


David M. Harrison, Brooklyn, for appellant.
Subin Associates, LLP, New York (Robert J. Eisen of counsel), for respondent.



Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered August 7, 2017, which, in this action for personal injuries, denied defendant's motion to vacate a default judgment and inquest against it, unanimously affirmed, without costs.
Defendant failed to establish a reasonable excuse for its default, since its assertion that it did not receive notice of the action until May 24, 2017, when its officer was contacted by the City Marshal about enforcement of the default judgment, is not credible. The record contains properly executed affidavits of service for the correspondence of the action including the summons and complaint, the motion for default, and the default judgment with notice of entry, sent to defendant's designated address, and defendant acknowledges that it received the judgment after inquest, which had been mailed by plaintiff to that same address (see Colucci v Zeolla, 138 AD2d 286 [1st Dept 1988]). Defendant's mere denial of service is insufficient to rebut the presumption of proper service created by the affidavit of service reflecting service through the Secretary of State (see Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431 [1st Dept 2017]).
Defendant's failure to provide a reasonable excuse for its default renders it unnecessary to consider whether it has a potentially meritorious defense to the action (see Pina v Jobar U.S.A. LLC, 104 AD3d 544, 545 [1st Dept 2013]). In any event, plaintiff's inquest testimony, the affidavit from defendant's treasurer and the reply affidavit of defendant's president do not establish that defendant has a potentially meritorious defense. Defendant's claims that it was not responsible to maintain the sidewalk where the accident happened were conclusory (see JP Morgan Chase Bank, N.A. v Bruno, 57 AD3d 362, 364 [1st Dept 2008]).
Finally, defendant failed to preserve its contention that plaintiff failed to comply with CPLR 3215(g)(4)(i), and we decline to review it (see Williams v Citigroup, Inc., 104 AD3d 521, 522 [1st Dept 2013]). Were we to review it, the record establishes that there was compliance with the statute.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 27, 2018
CLERK