Brown v Cerberus Capital Mgt., L.P. (2019 NY Slip Op 04772)





Brown v Cerberus Capital Mgt., L.P.


2019 NY Slip Op 04772


Decided on June 13, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2019

Friedman, J.P., Tom, Gesmer, Moulton, JJ.


9619 655271/17

[*1]Tonya Brown, et al., Plaintiffs-Respondents-Appellants,
v
Cerberus Capital Management, L.P., et al., Defendants-Appellants-Respondents.


Lowenstein Sandler LLP, New York (Brandon M. Fierro of counsel), for appellants-respondents.
Joshua L. Seifert PLLC, New York (Joshua L. Seifert of counsel), for respondents-appellants.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 30, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss all of plaintiff Tonya Brown's claims pursuant to CPLR 3211(a)(5) and the ninth and tenth causes of action asserted by plaintiffs other than Brown pursuant to CPLR 3211(a)(1) and (7), and denied their motion to dismiss the first through eighth, thirteenth, and fifteenth causes of action asserted by plaintiffs other than Brown, unanimously modified, on the law, to deny defendants' motion to dismiss the tenth cause of action as to all plaintiffs and deny the motion to dismiss Brown's first through fourth, thirteenth, and fifteenth causes of action, and otherwise affirmed, without costs.
Contrary to defendants' contention, Brown did not release her claims. The purported release appears in a Repurchase Agreement that defendants Covis Pharmaceuticals, Inc. (CPI), Covis Management Investors US LLC (Management Investors US), and Covis US Holdings, LLC (Covis US) sent Brown. These defendants had not yet signed it when they sent it to her. Brown signed it but made a handwritten change. Hence, the document that she returned was a counteroffer and a rejection of the offer made by these defendants. None of the defendants signed the Repurchase Agreement as modified by Brown, so it was not a binding contract (see e.g. Thor Props., LLC v Willspring Holdings LLC, 118 AD3d 505, 507 [1st Dept 2014]).
Defendants contend that Brown ratified the Repurchase Agreement by cashing a check. However, CPI, Management Investors US and Covis US made a unilateral decision to send the check; the CEO of CPI wrote to Brown, "The closing of the repurchase of your profits interests will occur on or before February[] 26, 2015, whether or not you execute your repurchase agreement" (emphasis added). Moreover, Brown's delay in acting to repudiate the agreement was far less than the delay in Allen v Riese Org., Inc. (106 AD3d 514, 517-518 [1st Dept 2013]). Accordingly, her acceptance of the check did not constitute a ratification of the Repurchase Agreement.
The claims that require scienter are not barred by collateral estoppel arising from the dismissal of plaintiffs' prior federal action, because the standard for pleading scienter for federal securities fraud claims is more stringent than the standard for pleading scienter in New York state court (see Williams v Citigroup, Inc., 104 AD3d 521, 522 [1st Dept 2013]).
Defendants misapprehend or mischaracterize plaintiffs' fraud claims (the first through eighth causes of action). Plaintiffs do not merely allege that defendants entered into contracts without intending to honor them; the complaint identifies specific misrepresentations of fact. The boilerplate merger clause in plaintiffs' Award Agreements "does not preclude parole evidence establishing fraudulent inducement to enter into the contract" (Laduzinski v Alvarez & Marsal Taxand LLC, 132 AD3d 164, 169 [1st Dept 2015]; see also Jadoff v Gleason, 140 FRD 330, 334-335 [MD NC 1991]). The complaint adequately pleads scienter under New York law (see Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 98 [1st Dept 2003]).
The court correctly dismissed the ninth cause of action, for breach of fiduciary duty, on [*2]the ground that no fiduciary duty was owed to plaintiffs, who were at-will employees who contributed no capital to Management Investors US and stood at no risk of loss if the venture failed. Plaintiffs' contractual right to share in the venture's profits, should any profits be realized in the future, did not render them investors to whom fiduciary duties were owed. "[A] mere expectancy interest does not create a fiduciary relationship. Before a fiduciary duty arises, an existing property right or equitable interest supporting such a duty must exist" (Simons v Cogan, 549 A2d 300, 304 [Del 1988]).
The tenth cause of action (negligent misrepresentation) should not be dismissed. Of the jurisdictions whose laws are potentially applicable to this claim (New York, North Carolina, New Jersey, Minnesota, and possibly Delaware), only New York appears to require a special relationship of trust or confidence (see e.g. Lord Abbett Mun. Income Fund, Inc. v Citigroup Global Mkts., Inc., 2012 WL 13034154, *9 [D NJ, July 12, 2012, Civil Action No. 11-5550(CCC)] [unlike New York, New Jersey does not require special relationship]; Raritan Riv. Steel Co. v Cherry, Bekaert & Holland, 322 NC 200, 203, 208-209, 367 SE2d 609, 611, 614 [1988] [adopting Restatement (Second) of Torts § 552 (1977) and noting that Restatement is less restrictive than New York]), and even in this State, the existence of a special relationship "is a factual issue inappropriate for summary adjudication" (Knight Sec. v Fiduciary Trust Co., 5 AD3d 172, 174 [1st Dept 2004]).
The thirteenth cause of action alleges that Management Investors US and Covis US breached the 2013 award agreements by — among other things — repurchasing plaintiffs' profits interests even though their call options had expired. The motion court correctly found that, pursuant to Management Investors US's operating agreement (which prevails over the award agreements), defendants had 30 days from the date of each plaintiff's termination to exercise their call rights. The court erred in finding defendants' December 31, 2014 call untimely as to plaintiffs Elizabeth Homan and Jeffrey Sampere, who were terminated on December 1 and 15, 2014, respectively. However, this cause of action is not based solely on defendants' allegedly untimely exercise of their call option.
Defendants' sole argument on appeal regarding the fifteenth cause of action (civil conspiracy) is that it should be dismissed if the underlying causes of action (e.g., fraud) are dismissed. Since we are affirming the motion court's denial of defendants' motion to dismiss the fraud claims, we also affirm its denial of their motion to dismiss the conspiracy claim.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 13, 2019
CLERK