UPS Capital Corp. v WIRELESSJACK.COM, Inc. (2019 NY Slip Op 05899)





UPS Capital Corp. v WIRELESSJACK.COM, Inc.


2019 NY Slip Op 05899


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


510 CA 18-01693

[*1]UPS CAPITAL CORPORATION, PLAINTIFF-RESPONDENT,
v
WIRELESSJACK.COM, INC., A NEW YORK CORPORATION, KAYLA HAZAN, JACH HAZAN, ALSO KNOWN AS JACK HAZAN AND ISAAC MOSSERI, DEFENDANTS-APPELLANTS. 






FRANK A. ALOI, ROCHESTER, AND OLSHAN FROME WOLOSKY LLP, NEW YORK CITY, FOR DEFENDANTS-APPELLANTS. 
WOODS OVIATT GILMAN LLP, ROCHESTER (TIMOTHY P. LYSTER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (William K. Taylor, J.), entered March 28, 2018. The order, among other things, denied defendants' motion to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The instant appeal arises from a cargo and finance agreement between plaintiff and defendant Wirelessjack.com, Inc. (Wirelessjack). As alleged in the complaint, the agreement provided that plaintiff would advance certain funds to Wirelessjack, which would later be repayed by Wirelessjack. Plaintiff alleged that Wirelessjack defaulted under the agreement, leaving a balance of $277,261.60 immediately due. Plaintiff then sought to recover the outstanding balance by commencing this action against Wirelessjack, as well as defendants Kayla Hazan, Jach Hazan, also known as Jack Hazan, and Isaac Mosseri (individual defendants), who plaintiff alleged had executed personal guarantees of Wirelessjack's obligations under the agreement. All defendants failed to appear and a default judgment was entered against them. Defendants now appeal from an order that denied their motion to vacate the default judgment. We affirm.
We reject defendants' contention that they established entitlement to vacatur of the default pursuant to CPLR 5015 (a) (1), which required defendants to proffer "a reasonable excuse for the default and . . . a meritorious defense" to the action (Golf Glen Plaza Niles, Il. L.P. v Amcoid USA, LLC, 160 AD3d 1375, 1376 [4th Dept 2018]; see Calaci v Allied Interstate, Inc. [appeal No. 2], 108 AD3d 1127, 1128 [4th Dept 2013]). Here, defendants failed to establish a reasonable excuse for default. Defendants offer no excuse for Wirelessjack's default, and the individual defendants' "mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper service created by the affidavit[s] of service," which reflected proper service on each defendant (Commissioners of State Ins. Fund v Nobre, Inc., 29 AD3d 511, 511 [2d Dept 2006]). Defendants also failed to establish a meritorious defense. The individual defendants' conclusory statements that they did "not believe [they] ever gave . . . a guarantee" of the agreement are insufficient and indeed belied by the signed guarantees submitted by plaintiff in opposition to defendants' motion to vacate the default (see generally Imovegreen, LLC v Frantic, LLC, 139 AD3d 539, 540-541 [1st Dept 2016]; Voss Dental Lab v Surgitex, Inc., 210 AD2d 985, 985 [4th Dept 1994]). Defendants' contention that the signatures on the guarantees submitted by plaintiff are not genuine is not properly before us inasmuch as that contention is raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, "defendant[s'] unsubstantiated claim that the signatures on the [guarantees] were forged fails to establish that [they have] a meritorious defense" (Golf Glen Plaza Niles, Il. [*2]L.P., 160 AD3d at 1377; see generally Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 383-384 [2004]). Defendants' contentions that the guarantees were not properly authenticated or witnessed, that the court's scheduling order deprived them of their ability to file reply papers, and that vacatur was also appropriate under CPLR 5015 (a) (3) are also raised for the first time on appeal and thus are not properly before us (see Ciesinski, 202 AD2d at 985).
Defendants failed to establish entitlement to vacatur of the default judgment under CPLR 317, which provides that if service occurs "other than by personal delivery," a defendant against whom a judgment has been entered based on a failure to appear may reopen the default "upon a finding of the court that [the defendant] did not personally receive notice of the summons in time to defend and has a meritorious defense." Although we agree with defendants that no defendant was served "by personal delivery" as defined for the purposes of CPLR 317 (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141-142 [1986]; Fleetwood Park Corp. v Jerrick Waterproofing Co., 203 AD2d 238, 239 [2d Dept 1994]; National Bank of N. N.Y. v Grasso, 79 AD2d 871, 871 [4th Dept 1980]), defendants failed to establish either that they did not receive notice of the summons in time to defend the action (see Pina v Jobar U.S.A. LLC, 104 AD3d 544, 545 [1st Dept 2013]; Commissioners of State Ins. Fund, 29 AD3d at 511-512), or that they have a meritorious defense (see CPLR 317).
In light of our determination, we need not reach defendants' remaining contention.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court