Perlbinder Holdings LLC v Patel (2022 NY Slip Op 01106)





Perlbinder Holdings LLC v Patel


2022 NY Slip Op 01106


Decided on February 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 17, 2022

Before: Manzanet-Daniels, J.P., Gische, Mazzarelli, Friedman, Mendez, JJ. 


Index No. 655236/19 Appeal No. 15326 Case No. 2020-04287 

[*1]Perlbinder Holdings LLC, Plaintiff-Respondent,
v
Himansu H. Patel et al., Defendants-Appellants.


Michael R. Curran, Flushing, for appellants.
Kaufman Friedman Plotnicki & Grun, LLP, New York (Howard Grun of counsel), for respondent.



Judgment, Supreme Court, New York County (Tanya R. Kennedy, J.), entered August 12, 2020, in plaintiff's favor, and appeal therefrom bringing up for review an order, same court and Justice, entered July 7, 2020, which granted plaintiff's motion for summary judgment in lieu of complaint and denied defendants' cross motion to dismiss, consolidate, or convert the action, unanimously affirmed, with costs.
The affidavits of service constituted prima facie evidence of proper service, and defendants' submissions in opposition were insufficient to rebut the presumption of proper service created thereby (see generally Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591 [1st Dept 2020], lv dismissed 36 NY3d 1046 [2021]). Because defendant Akash H. Patel (s/h/a Akashi H. Patel) failed to notify the Department of Motor Vehicles of his change of address, as required by Vehicle and Traffic Law § 505(5), he is estopped from challenging service at his former address (see Stillman v City of New York, 39 AD3d 301, 303 [1st Dept 2007]; Kandov v Gondal, 11 AD3d 516 [2d Dept 2004]). Although defendants Himansu H. Patel and Harshad S. Patel averred that the person who purportedly received service on their behalf, "Hakash Patel, Brother," did not exist, they did not address the likelihood that the person who received service was Akash, who matched the description given by the process server. While the out-of-state affidavits lack the required certificates of conformity, this technical defect, which could easily have been corrected, should not be considered because it was not timely raised (see CPLR 2309[c]; Midfirst Bank v Agho, 121 AD3d 343, 348-352 [2d Dept 2014]).
This case, which is based on an instrument for the payment of money only, i.e., a promissory note, was properly brought pursuant to CPLR 3213. Defendants' request for consolidation with a related action (Perlbinder Holdings LLC v Patel, index No. 655248/19) is moot in view of the disposition of both actions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 17, 2022