HSBC Bank USA, N.A. v Russo (2022 NY Slip Op 03475)





HSBC Bank USA, N.A. v Russo


2022 NY Slip Op 03475


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Acosta, P.J., Renwick, Singh, Moulton, Kennedy, JJ. 


Index No. 380847/09 Appeal No. 16044 Case No. 2021-03938 

[*1]HSBC Bank USA, National Association, as Trustee Under the Pooling and Servicing Agreement dated as of November 1, 2006, Fremont Home Loan Trust 2006-D, Plaintiff-Appellant,
v
Thomas Russo, Defendant-Respondent, Robert Russo et al., Defendants.


Hinshaw & Culbertson LLP, New York (Mitchell E. Zipkin of counsel), for appellant.
The Rosenfeld Law Office, Lawrence (Avinoam Rosenfeld of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered June 23, 2015, which granted defendant Thomas Russo's motion to vacate the judgment of foreclosure and dismissed the action without prejudice based on lack of personal jurisdiction, unanimously affirmed, without costs.
Defendant's affidavit sufficiently rebutted the presumption of service created by the affidavit of service of plaintiff's process server, as defendant averred that while the affidavit identified his address as the first floor of the subject property, he actually resided on the second floor, as the first floor was rented to a tenant, that 15 years earlier his hair had turned white, and that he was 5'8", and not 5'11" (see NYCTL 2012-A Trust v Colbert, 146 AD3d 482, 483 [1st Dept 2017]). Defendant also offered his driver's license, which showed that his hair was white, not brown or black, as stated in the affidavit of service. Based on the foregoing, a traverse hearing was warranted (see NYCTL 1998—1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, 460 [1st Dept 2004]).
Contrary to plaintiff's contention, the doctrine of judicial estoppel is inapplicable in this case (see generally MPEG LA, LLC v Samsung Elecs. Co., Ltd., 166 AD3d 13, 21 [1st Dept 2018], lv denied 32 NY3d 912 [2018]). The mortgaged property is a two-family house, and defendant allegedly lived on the second floor. Even though his driver's license provided the address of the property without the designation of a floor, nothing in the record indicates that the failure to list the floor that he lived on was a ploy to disguise his whereabouts or that he has taken inconsistent positions in legal proceedings regarding his residence. Nor did defendant fail to notify the Department of Motor Vehicles of a change of address, as required by Vehicle and Traffic Law § 505(5), such that he should be estopped from challenging service (see e.g. Perlbinder Holdings LLC v Patel, 202 AD3d 578 [1st Dept 2022]; Stillman v City of New York, 39 AD3d 301, 303 [1st Dept 2007]).
Plaintiff's contention that the court should have sua sponte granted leave to extend the time to serve defendant pursuant to CPLR 306-b is unavailing. Plaintiff acknowledges that the record contains no evidence that it made a CPLR 306-b application before Supreme Court. In any event, under CPLR 306-b, a court may extend the time for service "upon good cause shown or in the interest of justice," and plaintiff
fails to meet either standard (see Henneberry v Borstein, 91 AD3d 493, 495-496 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022