Perlbinder Holdings LLC v Patel (2023 NY Slip Op 02953)

Perlbinder Holdings LLC v Patel

2023 NY Slip Op 02953

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Moulton, J.P., González, Mendez, Rodriguez, JJ. 

Index No. 655248/19 Appeal No. 376-377 Case No. 2021-02519, 2022-02321 

[*1]Perlbinder Holdings LLC, Plaintiff-Respondent,
v
Himansu H. Patel et al., Defendants-Appellants, Hung-Wei Gianella, Defendant.

Michael R. Curran, Flushing, for appellants.
Kaufman Friedman Plotnicki & Grun, LLP, New York (Howard Grun of counsel), for respondent.

Appeal from order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about April 8, 2022, which, in effect, granted plaintiff's motion for summary judgment in lieu of complaint, deemed appeal from order and judgment (one paper), same court and Justice, entered on or about April 8, 2022, in plaintiff's favor in the principal amount of $389,291.83, and as so considered, the order and judgment unanimously affirmed, with costs. Appeal from order, same court (Kathy J. King, J.), entered June 16, 2021, which denied defendants Himansu Patel, Harshad S. Patel, and Akashi H. Patel's motion to vacate a ruling, same court (Alan C. Marin, J.), entered on or about February 27, 2020, purportedly granting plaintiff's motion for summary judgment in lieu of complaint, unanimously dismissed, without costs, as academic.
Plaintiff demonstrated prima facie entitlement to summary judgment in lieu of complaint on its claim to recover on a guaranty that defendants signed, by submitting evidence of their failure to pay, including the guaranty, the underlying lease, the assignment to the commercial tenant, and the lease ledger stating the commercial tenant's rent arrears (see iPayment, Inc. v Silverman, 192 AD3d 586, 587 [1st Dept 2021], lv dismissed 37 NY3d 1020 [2021]). Plaintiff's motion under CPLR 3213 was commenced on the guaranty that defendants undisputedly executed on December 16, 2015, and any references to a guaranty executed on January 20, 2016 appear to be typographical errors that were corrected by the time the motion court issued its order and judgment. Moreover, defendants guaranteed that their obligations under the lease would not be impaired by any subsequent amendment, extension, modification, or assignment (see 2402 E. 69th St., LLC v Corbel Installations, Inc., 183 AD3d 859, 862 [2d Dept 2020]).
Defendants' submissions are insufficient to rebut the presumption of proper service created by the affidavits of service (see Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591, 591 [1st Dept 2020], lv dismissed 36 NY3d 1046 [2020]). Indeed, this Court has already rejected these same arguments by defendants in a related action involving
nearly identical affidavits of service (Perlbinder Holdings LLC v Patel, 202 AD3d 578 [1st Dept 2022]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023