**7955 AE Co. Inc. v Nasax Inc.**

2025 NY Slip Op 31465(U)

April 24, 2025

Supreme Court, New York County

Docket Number: Index No. 159953/2023

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. LYLE E. FRANK**                    PART                    **11M**

*Justice*

-------------------------------------------------------------------------------X

7955 AE COMPANY INC.,

|  |  |  |
|---|---|---|
| | INDEX NO. | 159953/2023 |

Plaintiff,

| | MOTION DATE | 11/13/2024 |
|---|---|---|

- v -

| | MOTION SEQ. NO. | 002 |
|---|---|---|

NASAX INC. D/B/A GONG CHA, GONG CHA USA NY3 LLC
A/K/A GONG CHA USA NY6 LLC,SARABJIT LAMBA
SINGH

**DECISION + ORDER ON
MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

Upon the foregoing documents, plaintiff's motion is granted in part and denied in part,

and defendant's cross motion is granted in part and denied in part.

## Background

In 2013, 7955 AE Company Inc. ("Plaintiff") signed a ten-year lease (the "Lease") for a

commercial space located at 72 Bayard Street. Then in 2015, Plaintiff sub-leased a portion of the

premises to Gong Cha USA NY3 LLC a/k/a Gong Cha USA NY6 LLC ("Gong Cha") for use as

a food and beverage vendor, with a term expiring in February of 2021 (the "Sub-Lease"). In

connection with the Sub-Lease, Sarabjit Lamba Singh (the "Individual Defendant") executed a

written guaranty agreement (the "Guaranty") that guaranteed the full payment and performance

of Gong Cha. There were several subsequent addendums for the Sub-Lease. In 2017, Gong

Cha's subtenancy was assigned to Nasax Inc. d/b/a Gong Cha ("Business Defendant",

collectively with Gong Cha and the Individual Defendant the "Defendants").

**159953/2023  7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**          **Page 1 of 11**
**Motion No.  002**

1 of 11

[* 1]

At the expiration of the sub-lease term, the Business Defendant allegedly owed unpaid rent arrears and stayed on as a month-to-month subtenant as rent, use and occupancy, and other charges continued to accrue. They were given a thirty-day notice of termination effective in January of 2023, the same date that Plaintiff was obligated to return the premises to the over-landlord. When the Business Defendant failed to vacate the premises, Plaintiff commenced a summary holdover proceeding against them and the over-landlord likewise commenced a summary holdover proceeding against Plaintiff. As a result of this last proceeding, Plaintiff incurred holdover damages they were required to pay to the over-landlord. The Business Defendant vacated the premises on May 15, 2023. In October of 2023, Plaintiff filed this underlying proceeding against Defendants, with causes of action for breach of contract, unjust enrichment, quantum meruit, breach of guaranty, and for attorneys' fees. Defendants answered, pleading thirteen affirmative defenses and two counterclaims.

## Standard of Review

Under CPLR § 3212, a party may move for summary judgment and the motion "shall be granted if, upon all the papers and proof submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party." CPLR § 3212(b). Once the movant makes a showing of a prima facie entitlement to judgment as a matter of law, the burden then shifts to the opponent to "produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Stonehill Capital Mgt. LLC v. Bank of the W.*, 28 N.Y.3d 439, 448 (2016). The facts must be viewed in the light most favorable to the non-moving party, but conclusory statements are insufficient to defeat summary judgment. *Id.*

## Discussion

**159953/2023   7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**
**Motion No.  002**

**Page 2 of 11**

2 of 11

In the present motions, Plaintiff is seeking 1) summary judgment against the Business Defendant on the first and second causes of action, 2) summary judgment against the Individual Defendant on the fifth cause of action, 3) an order deeming the complaint amended to conform with evidence (to add that the unpaid rent owed is now being sought at a higher rate than was originally stated in the complaint), 4) dismissal of the first and second counterclaims and all thirteen affirmative defenses in the answer, and 5) a money judgment against Defendants for attorneys' fees. Defendant has cross-moved for dismissal as against the Individual Defendant and in opposition to the Plaintiff's motion. For the reasons that follow, both motions are denied in part and granted in part.

### Breach of the Sublease is Established as to Liability

Plaintiff argues that they are entitled to summary judgment against the Business Defendant for breach of contract because the Business Defendant breached the Sublease by failing to pay rent from April 1, 2020, to February 28, 2021. They also argue that during the monthly subtenancy, the Business Defendant was subject to the same terms and conditions from the Sublease, including the provisions for holdover and liquidated damages. Defendants briefly state in their opposition that their "position is that any rental arrears owed have first started during September 2022." Plaintiff has provided a copy of their rent ledger and a sworn affirmation from their assistant secretary stating that the Business Defendant repeatedly failed to pay rent. Defendants have provided evidence going to the amount of arrears owed under the monthly subtenancy, but not as to liability for breach of the sublease. When a party establishes a prima facie entitlement to summary judgment, the burden shifts to the other party to rebut that showing. *See, e.g., Roques v. Noble*, 73 A.D.3d 204, 207 (1st Dept. 2010). Here, Plaintiff has

**159953/2023   7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**
**Motion No.  002**

Page 3 of 11

3 of 11

established prima facie entitlement to summary judgment as to the breach of contract claims, but Defendant has not provided proof rebutting their liability under the sublease.

Complicating the issue is an apparent oral agreement between the parties relating to the amount of rent that was owed during the monthly subtenancy. Defendant disputes the amounts provided by Plaintiff and argues that Plaintiff voluntarily waived the right to collect rent at the amount set forth in the lease. Plaintiff concedes that there was an oral agreement that the Business Defendant would pay 50% of the rent during the monthly subtenancy but maintains that this lower rate was conditioned on the Business Defendant's payment of other alleged arrears, and that such condition was not met. Defendants have submitted statements sent to them during the monthly subtenancy that include a written waiver of some of the rent listed. While Plaintiff has submitted evidence that arrears are owed, there are questions of fact as to the amount of said arrears. Finally, Defendants argue that Plaintiff was also present during the holdover period and therefore they cannot seek liability against Defendants for the holdover damages paid to the over-landlord. But they have not disputed that they did not vacate the premises when the Lease had expired, nor have Defendants cited to any authority for the proposition that Plaintiff's alleged holdover would negate Defendant's liability for their own holdover damages under the terms of the Lease and Sublease. Therefore, granting summary judgment as to liability only for the breach of contract claims would be proper.

*Guarantor Has Liability under the Guaranty Agreement but It Is Limited by the Guaranty Law*

Plaintiff seeks to hold the Individual Defendant liable under the Guaranty for the arrears owed by the Business Defendant. Defendants argue that the Guaranty expired by its own natural terms and that any attempt to hold the Individual Defendant liable for rental arrears accrued prior to September 2022 is invalid under the Guaranty Law. Defendants also argue that the Individual

159953/2023   7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL
Motion No.  002

Page 4 of 11

Defendant cannot be held liable for the sublease after it was assigned to the Business Defendant, as he was not a signatory to that assignment. Firstly, the assignment between Gong Cha and the Business Defendant states that the Guaranty continues as enforceable. And according to the terms of the Guaranty signed by the Individual Defendant, he agreed to guaranty the full payment and performance of:

the sub-tenant hereunder as the term hereof may be renewed, extended or otherwise modified, or the obligations of such other person or person entities, which, pursuant to the terms of this lease, may be a sub-tenant or occupant hereunder, without offset, counterclaim, or defense, of any kind or nature, until such time as the sub-tenant actually delivers possession of the premises to the over-tenant and all of the obligations of the sub-tenant under this sub-lease are satisfied.

By the plain terms of the agreements, the Individual Defendant was liable for the payment and performance of the Business Defendant because it was a sub-tenant, and he was liable until the Business Defendant actually delivered possession of the premises to Plaintiff and the obligations under the Sublease were satisfied. Such continuing guaranties are enforceable. *See, e.g., Davimos v. Halle*, 60 A.D.3d 576, 577 (1st Dept. 2009) (holding that a "guarantor is bound by an anticipatory agreement in his undertaking that he will not be relieved of liability by a modification of the principal contract"); *Perlbinder Holdings LLC v. Patel*, 217 A.D.3d 426, 427 (1st Dept. 2023) (upholding a guaranty that stated that the obligations would "not be impaired by any subsequent amendment, extension, modification, or assignment").

Defendant argues that the Guaranty Law found in NYC Administrative Code § 22-1005, which states that natural persons do not have liability as guarantors in certain circumstances which apply here, means that the Individual Defendant does not have liability for obligations that accrued between March 7, 2020, and June 30, 2021. Plaintiff argues that this Guaranty Law is unconstitutional and cites for support to a Southern District of New York case. *Melendez v. City of New York*, 668 F. Supp. 3d 184 (S.D.N.Y. 2023). As an initial note, the holdings of federal

**159953/2023  7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**
**Motion No. 002**

Page 5 of 11

district courts, alongside federal courts of appeals, "do not bind [state courts] when it decides a federal constitutional issue." *Bochner v. City of New York*, 118 F.4th 505, 523 – 24 (2nd. Cir. 2024). This Court is bound on this issue by the First Department, who continues to enforce the Guaranty Law post-*Melendez. See, e.g., 3rd & 60th Assoc. Sub LLC v. Zavolunov*, 223 A.D.3d 488, 490 – 91 (1st Dept. 2024). Absent a contrary holding by a binding court, this Court finds that the Guaranty Law is valid and therefore bars the Individual Defendant's liability under the Guaranty for the period covered by the Guaranty Law.

But Plaintiff has alleged that the Business Defendant has accrued outstanding amounts after June 30, 2021, and these amounts would not be protected by the Guaranty Law. *See, e.g., 88 Greenwich Owner LLC v. 21 Rector St. LLC*, 217 A.D.3d 432, 434 (1st Dept. 2023). Therefore, the Plaintiff has established entitlement as to liability under the Guaranty, but there are remaining issues of fact relating to the amount of damages owed.

### The Motion to Amend the Pleadings is Granted

Plaintiff seeks to have the complaint deemed amended in order to conform to the proof presented. Specifically, Plaintiff seeks to amend the pleadings to seek increased holdover payments under the terms of the Lease that it initially believed were unenforceable but that it now, with the aid of new counsel, believes are valid. Defendants oppose, and while this portion of their papers merely quotes several cases on the amendment standard and does not explain their position further, presumably they are arguing that the proposed amendment is too late and would prejudice them. Considering that the new damages sought arise out of the terms of an agreement that has been disclosed from the beginning, any prejudice to Defendants is small. Regarding the issue of delay, "[w]here there is extended delay in moving to amend, an affidavit of reasonable excuse for the delay in making the motion and an affidavit of merit should be submitted in

**159953/2023   7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**
**Motion No.  002**

**Page 6 of 11**

6 of 11

support of the motion." *Cherebin v. Empress Ambulance Serv., Inc.*, 43 A.D.3d 364, 365 (1st Dept. 2007). Here, Plaintiff has submitted an affidavit from their Assistant Secretary explaining the reason for the delay. The Court grants leave to amend the pleadings as requested by Plaintiff.

<u>*There is No Contractual Right to Attorneys' Fees*</u>

Plaintiff in their complaint requests attorneys' fees, and in this motion seeks summary judgment in their favor on this matter. Defendant opposes and argues that there is not a contractual right to attorneys' fees here. Plaintiff cites to both the Sublease and the Lease as providing grounds for attorneys' fees, but outside of identifying the provisions in question, fails to explain how they give Plaintiff the right to recover attorneys' fees for this present action. To begin with, the attorneys' fees provision in the Rider to the Sublease is clearly an indemnification clause and does not by its terms grant attorneys' fees incurred during attempts to recover for breaches of the Sublease or in the holdover proceeding. The provision in question is titled "Hold Harmless" and states:

> The sub-tenant shall indemnify and hold over-tenant for and against and all claims, lawsuits, penalties, damages, expenses, judgment, cost and attorneys fees arising from injury during said term to person or property or property of any nature occasioned wholly or in party by nay [sic] act or acts, omissions of the sub-tenant, its' employees, guests, or invitees, or growing out of the use or occupation or [sic] the demised premises.

This indemnification provision does not grant Plaintiff the contractual right to attorneys' fees from Defendants for proceedings brought by Plaintiff against Defendant or brought against Plaintiff by the over-landlord for the lease holdover action. An indemnification provision must "meet the exacting *Hooper* test of unmistakable intention" in order to grant a winning side attorneys' fees. *Gotham Partners, L.P. v. High Riv. Ltd. Partnership*, 76 A.D.3d 203, 204 (1st Dept. 2010). Furthermore, an indemnification provision "must *unequivocally* be meant to cover claims between the contracting parties rather than third-party claims." *Id.*, at 207 (emphasis in

**159953/2023   7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**
**Motion No.  002**

**Page 7 of 11**

7 of 11

[* 7]

original). Here, this provision does not make it clear or unequivocal that it covers claims between the parties to the Sublease, and therefore cannot be construed as granting Plaintiff a contractual right to reasonable attorneys' fees.

Plaintiff also cites to two provisions in the Lease as grounds for attorneys' fees. In Section 11 of the Sublease, it states that "[t]he provisions of the Over-Lease are part of this Sublease. All the provisions of the Over-Lease applying to the Overtenant are binding on you, the Undertenant." In the Lease, Article 19 states that if the tenant defaults in the observance of any term of the Lease, the "Owner" may recover reasonable attorneys' fees incurred in proceedings connected with the default. Article 59 states that if the tenant breaches the lease or defaults in the payment of rent, the "Landlord" may recover reasonable attorneys' fees. A plain reading of these contractual provisions together certainly would grant the Landlord/Owner the right to recover attorneys' fees from the Business Defendant connected with a breach of the Sublease. But the Landlord/Owner is defined in the Lease as a non-party Janco Realty Corp., not Plaintiff. And while Section 11 of the Sublease explicitly transfers Plaintiff's obligations under the Lease to the Business Defendant, it is silent as to Plaintiff assuming any of the rights of Janco Realty Corp. under the Lease.

Plaintiff has pointed to contractual support for the contention that the Business Defendant would take on the obligations under the Lease that 7955 AE Company would have, but Plaintiff has cited to no provision nor any case law or argument in support of the contention that *Plaintiff* would then get to take on the rights due to Janco Realty Corp. under the Lease. The Lease and Sublease clearly obligate the Business Defendant to cover reasonable attorneys' fees that Janco Realty Corp. incurs in pursuing a breach of either agreement. What it does not authorize is

**159953/2023   7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**          **Page 8 of 11**
**Motion No.  002**

8 of 11

[* 8]

Plaintiff's right to recover such fees from any party, including the Business Defendant. Therefore, Plaintiff has failed to establish a prima facie entitlement to reasonable attorneys' fees.

### *Defendant's Affirmative Defenses and Counterclaims*

Plaintiff also seeks to strike the affirmative defenses and counterclaims from the Answer. They cite to provisions in the Lease and the Guaranty and argue that the counterclaims and defenses are meritless. In response, Defendants briefly claim that such arguments are conclusory. Starting with the argument that the terms of the Lease bar defenses and counterclaims asserted by the Business Defendant as against Plaintiff, this argument fails for the same reason as the attorneys' fees argument above. While there is a contractual basis for the Business Defendant to have assumed the obligations of Plaintiff under the Lease, there is no contractual basis giving Plaintiff the rights of the landlord/owner under the Lease. There is a defenses and counterclaim waiver provision in the Guaranty, however, that clearly states that the Individual Defendant guarantees the payment and performance "without offset, counterclaim, or defense, of any kind or nature, whatsoever." This would validly bar all defenses and counterclaims asserted by the Individual Defendant against Plaintiff except for the Eighth Affirmative Defense asserting timely payment of all monies owed.

Several of the affirmative defenses do, however, simply state a legal conclusion without pleading any facts. Such defenses are "properly stricken as insufficient." *170 W. Vil. Assoc. v. G & E Realty, Inc.*, 56 A.D.3d 372, 372 – 73 (1st Dept. 2008). Therefore, all except the fifth, eighth, and twelfth affirmative defenses are stricken as insufficient for offering no facts and merely stating a legal conclusion. The fifth affirmative defense alleges upon information and belief that Defendants were not served, but Plaintiff has provided the affidavits of service and Defendants have not continued this line of argument. Therefore, the fifth affirmative defense is

**159953/2023   7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**     **Page 9 of 11**
  **Motion No.  002**

9 of 11

stricken as moot. The eighth alleges that Plaintiff has been paid all monies owed. As addressed above, there are issues of fact regarding what amount Plaintiff was owed and therefore dismissal of this affirmative defense would be premature. The twelfth affirmative defense alleges that Plaintiff accepted the surrender of the premises and waived any rights to future rent. But Plaintiff is not seeking any damages for the period after the Defendants surrendered the premises. Therefore, the twelfth affirmative defense fails as a matter of law.

Defendants have pled two counterclaims. As addressed above, the Individual Defendant has waived all defenses and counterclaims except for actual payment, but the Business Defendant has not. Plaintiff moves to dismiss these counterclaims as meritless. The first counterclaim states in a conclusory fashion that this proceeding is frivolous and seeks legal fees from Plaintiff. Defendants have not pled any grounds for seeking legal fees, nor have they opposed Plaintiff's motion to dismiss their counterclaims other than by stating briefly that "Plaintiff cites nothing more than boilerplate and outdated case law with little relevance to the instant proceeding." Dismissal of the first counterclaim for failure to state a claim is therefore proper. The second counterclaim alleges that Plaintiff comingled their security deposit in violation of NY General Obligations Law 7-103(1) and that they wrongfully converted the security deposit. Plaintiff denies that they have comingled funds and asserts that they were entitled to retain the security deposit. But their arguments do not overcome the favorable inferences that Defendants are afforded on a motion to dismiss standard. Plaintiff has not met their burden to dismiss this counterclaim. Accordingly, it is hereby

ADJUDGED that defendant's cross-motion is granted as to the extent Plaintiff is seeking damages that accrued during the period covered by Administrative code § 22-1005 and denied as to any damages that accrued outside this period; and it is further

**159953/2023  7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**
**Motion No. 002**

**Page 10 of 11**

10 of 11

ADJUDGED that plaintiff's motion is granted in part and denied in part; and it is further

ORDERED that plaintiff is granted summary judgment as to liability only on the first and second causes of action as against defendant Nasax Inc. d/b/a Gong Cha; and it is further

ORDERED that plaintiff is granted summary judgment as to liability only on the fifth cause of action as against defendant Sarabjit Lamba Singh; and it is further

ORDERED that the Complaint is deemed amended to conform to the evidence presented on this motion; and it is further

ORDERED that plaintiff is granted summary judgment dismissing the first counterclaim in verified answer; and it is further

ORDERED that plaintiff is granted summary judgment dismissing the second counterclaim in the verified answer as asserted by defendant Sarabjit Lamba Singh and denied as asserted by the other defendants; and it is further

ORDERED that plaintiff's motion for summary judgment granting them attorneys' fees is denied.

20250424160732LFRANK5539A7DC65554F39AE5C01054C02C48F

**4/24/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**159953/2023  7955 AE COMPANY INC. vs. NASAX INC. D/B/A GONG CHA ET AL**
**Motion No.  002**

Page 11 of 11

11 of 11

[* 11]