Beast Invs., LLC v Celebrity Virtual Dining, LLC (2025 NY Slip Op 03012)

Beast Invs., LLC v Celebrity Virtual Dining, LLC

2025 NY Slip Op 03012

Decided on May 20, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 20, 2025

Before: Webber, J.P., Friedman, Rosado, Michael, JJ. 

Index No. 653908/23|Appeal No. 4397|Case No. 2024-04155|

[*1]Beast Investments, LLC, Plaintiff/Counterclaim Defendant-Respondent,
v
Celebrity Virtual Dining, LLC, et al., Defendants/Counterclaim Plaintiffs-Appellants. Jimmy Donaldson, Third-Party Defendant-Respondent.

Susman Godfrey LLP, New York (Beatrice C. Franklin of counsel), for appellants.
Paul Hastings LLP, Washington, D.C. (Benjamin W. Snyder of the bar of the District of Columbia, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered May 30, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of counterclaim defendant Beast Investments, LLC and third-party defendant Jimmy Donaldson to dismiss Virtual Dining Concepts, LLC (VDC), Celebrity Virtual Dining, LLC (CVD), and Virtual Dining Operations, LLC's (together, Virtual Dining) counterclaims for breach of the implied covenant of good faith and fair dealing (third counterclaim), tortious interference with contract (fifth counterclaim), and tortious interference with prospective business advantage (sixth counterclaim), unanimously affirmed, with costs.
Supreme Court correctly granted the motion to dismiss the fifth counterclaim. For Virtual Dining to succeed on its counterclaim for tortious interference with contract, it must show a breach of contract (see NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 620-621 [1996]). Here, however, Virtual Dining fails to make any such allegations that nonparty Social Supply Co. breached its agreement with CVD to supply marketing services. Thus, so much of the fifth counterclaim as alleges that Donaldson tortiously interfered with that contract was properly dismissed (see e.g. Lama Holding Co. v Smith Barney, 88 NY2d 413, 425 [1996]; Williams v Citigroup, Inc., 104 AD3d 521, 522 [1st Dept 2013]).
Nor can the counterclaim for tortious interference with contract against Donaldson be based on the allegations that Beast Investments breached the letter agreement with VDC. "[O]nly a stranger to a contract . . . can be liable for tortious interference with a contract" (Koret, Inc. v Christian Dior, S.A., 161 AD2d 156, 157 [1st Dept 1990], lv denied 76 NY2d 714 [1990]). Virtual Dining alleges that Beast Investments is Donaldson's alter ego. Thus, he is not a stranger to the letter agreement.
In addition, the tortious interference with contract counterclaim is duplicative of the counterclaim for breach of the Endorsement and Services Agreement (see e.g. Allerand, LLC v 233 E. 18th St. Co., L.L.C., 19 AD3d 275, 277-278 [1st Dept 2005]).
The sixth counterclaim for tortious interference with prospective business advantage was also correctly dismissed because such a claim requires either that Donaldson's conduct amounted to a crime or an independent tort, or that he acted with the sole purpose of malice (see 534 E. 11th St. Hous. Dev. Fund Corp. v Hendrick, 90 AD3d 541, 542 [1st Dept 2011]; see also Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]). Virtual Dining does not allege that Donaldson committed a crime. Nor did he commit the tort of defamation, as his tweets were opinions (see Silverman v Clark, 35 AD3d 1, 16 [1st Dept 2006]). Virtual Dining also does not allege that Donaldson acted "for the sole purpose of inflicting intentional harm on" it (Carvel Corp., 3 NY3d at 190). Rather, it alleges, "in an effort to pressure Virtual Dining into transferring to him part of [its] interests in MrBeast [*2]Burger, Donaldson bullied Virtual Dining on social media."
Furthermore, the court correctly dismissed the third counterclaim for breach of the implied covenant of good faith and fair dealing as duplicative of the contract counterclaims (see e.g. MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 419-420 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 20, 2025